## 47902. POLLARD v. THE STATE.

STOLZ, Judge. Defendant appeals from the dismissal of his motion to dismiss a detainer which had been placed on his file by the State of Georgia while the defendant was serving a sentence in the Tennessee State Penitentiary.

The defendant's motion alleged, inter alia, that the detainer was certified and mailed to Hamilton County, Tenn., on December 14, 1970; that the defendant was convicted in Tennessee on March 1, 1971; that Georgia authorities have made no attempt to gain custody over him; that he had been denied various constitutional rights, among which is the right to a speedy trial; that the detainer hinders him from the various rehabilitation programs as set up in the Tennessee State Penitentiary, and places him under restrictions that might otherwise be suspended, amounting to cruel and unusual punishment. *Held:*

1. The law relating to persons serving prison terms in a sister state against whom Georgia has placed a "detainer," the rights of the prisoner, and the procedure the prisoner must follow to obtain a speedy trial or, in the alternative, a lifting of the detainer, are set forth in the Interstate Agreement on Detainers Act (Ga. L. 1972, p. 938; Code Ann. Chap. 77-5B). Article III of the Act (Ga. L. 1972, pp. 938, 939; Code Ann. § 77-504b) provides that, whenever a person has entered upon a term of imprisonment in a correctional institution of a party state and a detainer has been lodged against him, the prisoner shall be brought to trial within 180 days after he has caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction (1) written notice of the place of his imprisonment, and (2) his request for a final disposition

to be made of the indictment, information, or complaint, which request must be accompanied by (3) the certificate of the appropriate official having custody of the prisoner stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the state parole agency relating to the prisoner. The written notice and request for final disposition referred to hereinabove, is given or sent by the prisoner to the warden or commissioner of corrections or other official having custody of him, who then promptly forwards it together with the certificate to the appropriate prosecuting official and court by registered or certified mail, return receipt requested.

Without going into the remainder of Article III of the Act, supra, the record shows that none of the aforesaid statutory requirements has been complied with in this case. Tennessee enacted similar legislation in 1970. See: Tenn. L. 1970 (Adj. S.), Ch. 560, § 1. (Tenn. Code Ann. Chap. 40-39). Consequently, the superior court judge did not err in dismissing the appellant's "Motion to Dismiss Detainer Warrant."

2. The lodging of a detainer by the proper officials of the State of Georgia against a person serving a term of imprisonment in the correctional institution of a sister state does not violate the provisions of the Sixth, Eighth, and Fourteenth Amendments to the United States Constitution or Art. I, Sec. I, Par. V of the Georgia Constitution of 1945 (Code Ann. § 2-105).

3. The defendant's allegation—that the lodging of a detainer against him by the State of Georgia while he is currently serving a term of punishment in a correctional institution in the State of Tennessee for violation of the laws of that State, hinders the defendant from various rehabilitation programs that

would otherwise be available to him and places him under restrictions that might otherwise be suspended—is not a matter that addresses itself to the courts of this state. Whether such allegations have any basis of fact or constitute any entitlement to relief, are matters that address themselves to the courts of Tennessee.

*Judgment affirmed. Eberhardt, P. J., and Pannell, J., concur.*

SUBMITTED FEBRUARY 12, 1973 — DECIDED MARCH 12, 1973.

Napoleon Pollard, *pro se.*
*Earl B. Self, District Attorney, Wm. Ralph Hill, Jr.,* for appellee.