## 57917. DUCHAC v. THE STATE.

UNDERWOOD, Judge.

The appellant, Duchac, was tried in the Superior Court of Baldwin County and convicted of burglary. On appeal he insists that the trial court erred in denying his motion for a new trial on the general grounds, and he further contends that the indictment should have been dismissed pursuant to the Interstate Agreement on Detainers, Code Ann. § 77-501b et seq. (hereafter "Interstate Agreement") for failure to try him within the

time limits prescribed by such Interstate Agreement.

The indictment charged that on October 7, 1977 Duchac burglarized a supermarket in Milledgeville. At that time he was on parole from the Tennessee State Penitentiary. He was arrested for the burglary the following day in Nashville, Tennessee and returned to the Tennessee State Penitentiary for violation of parole. An indictment was returned against Duchac on January 10, 1978. Pursuant to Article III (a) of the Interstate Agreement, Code Ann. § 77-504b (a), Duchac mailed a prisoner's request for final disposition to the District Attorney of the Ocmulgee Judicial Circuit and to the Superior Court of Baldwin County. The request was received by the district attorney and the Clerk of Baldwin Superior Court on February 21, 1978.

On August 30, 1978 Duchac filed a motion to dismiss the indictment pending against him on the ground that his case had not been prosecuted within 180 days as required by the Interstate Agreement. The trial court denied the motion to dismiss and ordered that Duchac be brought to trial within 120 days of his arrival in Georgia. The trial took place on November 6 and 7, 1978.

Georgia is a party to the Interstate Agreement on Detainers, along with forty-five other states, and has by statute adopted the terms of the agreement. Article III of the Interstate Agreement, Code Ann. § 77-504b (a) provides that "[w]henever a person has entered upon a term of imprisonment in a penal or correctional institution of a party State, and whenever during the continuance of the term of imprisonment there is pending in any other party State any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within 180 days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint . . ."

In addition to the Article III procedure set forth in Code Ann. § 77-504b, a separate procedure is available to the state under Article IV, Code Ann. § 77-505b. Under

this provision the state may initiate the detainer proceeding and must then commence trial within 120 days of the prisoner's arrival in the requesting state's jurisdiction.

Article V, Code Ann. § 77-506b (c) provides that if "an action on the indictment . . . is not brought to trial within the period provided in Article III or Article IV hereof, the appropriate court of the jurisdiction where the indictment . . . has been pending shall enter an order dismissing the same with prejudice, and any detainer based thereon shall cease to be of any force or effect."

The state contends that the Interstate Agreement requires that a prisoner be tried within 180 days of his request for final disposition *or* within 120 days of his arrival in Georgia, relying on *Price v. State,* 237 Ga. 352 (227 SE2d 368) (1976). However, the facts in *Price* were different, as the district attorney in that case filed a written request for custody of Price pursuant to Article IV of the Agreement prior to the time that Price filed a request for final disposition under Article III of the Agreement. A holding that the state may ignore a prisoner's request until shortly before the expiration of the 180 day period provided in Article III of the Agreement, Code Ann. § 77-504b, and then extend that period by initiating proceedings under Article IV, Code Ann. § 77-505b, would effectively nullify the purpose of the 180 day provision of § 77-504b and deny to a prisoner the speedy trial right afforded him by Article III.

The Interstate Agreement does not contemplate that the 180 day provision is inflexible. Code Ann. § 77-504b (a) provides "that for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance." Further, Code Ann. § 77-507b (a) provides "[i]n determining the duration and expiration dates of the time periods provided in Articles III and IV of this agreement [§§ 77-504b and 77-505b] the running of time periods shall be tolled whenever and for as long as the prisoner is unable to stand trial, as determined by the court having jurisdiction of the matter." The record in this case does not show that any application was made in the superior court for a

continuance. No circumstances have been shown which would allow the time period to be tolled.

We have reviewed the judicial interpretations given to the Interstate Agreement by courts of other jurisdictions and can find no support for the state's contentions that the 120 day provisions of Article IV may be added to the 180 day provisions of Article III, once a proper request under Article III has been made by the prisoner. On the contrary, cases in other jurisdictions have strictly construed the 180 day provision of Article III. Pittman v. State of Delaware, 301 A2d 509 (1973); United States v. Mason, 372 FSupp. 651 (1973). Cf. United States v. Mauro, 436 U. S. 340 (98 SC 1834, 56 LE2d 329) (1977).

Since Duchac effectively requested his statutory right to a speedy trial under the terms of the Interstate Agreement, and since no continuances were obtained as provided in the Interstate Agreement and no circumstances for tolling the 180 day period have been shown by the record, we are required by the terms of the Interstate Agreement to hold that it was error not to dismiss the indictment with prejudice.

*Judgment reversed, with direction to Superior Court of Baldwin County to dismiss the indictment with prejudice. McMurray, P. J., and Banke, J., concur.*

SUBMITTED JUNE 13, 1979 — DECIDED SEPTEMBER 18, 1979.

*Reginald Bellury,* for appellant.
*Joseph H. Briley, District Attorney,* for appellee.