## 59691. JOHNSON v. THE STATE.

DEEN, Chief Judge.

Appellant Johnson contends that the trial court erred in denying his motion for a new trial because it erred in denying his motion to dismiss the indictment.

Johnson was indicted by the grand jury on January 9, 1978, and could not be located. Sometime in early May, the district attorney received the following letter dated May 8, 1978: "Dear Sir, you are hereby informed of my present whereabouts, Palm Beach County Jail, Palm Beach, Florida. I propose to file for a dismissal of any and all pending charges against me there in your County and/or State unless sentencing therein is commenced and/or completed within ninety days from the date herein, allowing three days mailing time. Says, this according to the 1974 Speedy Trial Act enacted by Congress affording all citizens of the United States a fair and speedy trial. Thank you. The following three inmates have witnessed my signature making this document. Yours truly, Ernest Johnson. Palm Beach County Jail, Palm Beach, Florida." Three witnesses' signatures appeared on the letter.

Shortly after receiving this letter, the district attorney filed the necessary papers for Johnson's extradition with the governor's office. On May 18, 1978, he was advised by the extradition secretary for the Governor of Florida that she had forwarded the extradition papers to the sheriff's office in Palm Beach and that she had requested the sheriff's office to notify her if court proceedings would delay action for more than sixty days. On October 30, 1978, the district attorney contacted the Florida officials and informed them that he had heard nothing further about appellant's return to Georgia. On November 20, 1978, the district attorney was informed by the governor's office that Johnson had requested a speedy trial in Florida, had been tried and received a one-year sentence, and if he still wished to prosecute he would need to send an executive agreement to Florida requesting the defendant's return. The executive agreement was sent to the governor's office on November 28, 1978, and appellant was returned to Ben Hill County on December 22, 1978. His trial commenced on March 19, 1979.

On appeal, Johnson has abandoned his contention that he was entitled to a speedy trial under 18 USCA § 3161 and now claims that his right to a speedy trial was violated under the Interstate Agreement on Detainers (Code Ann. § 77-501b et seq.). In *Hunt v. State,* 147 Ga. App. 787 (250 SE2d 517) (1978), this court held that where the defendant applied for a speedy trial under the provisions of Code Ann. § 27-1901 and could not procedurally seek a speedy

trial under that Code provision because he was not physically present or within the subpoena power of the Georgia courts, his right to a speedy trial had to be determined under the Interstate Agreement on Detainers because that statute was utilized to secure his trial. We find that the same rule applies in the present case.

Under Code Ann. § 77-504b, a person who is incarcerated in another state and who has had a detainer placed on his file, must be brought to trial within 180 days after he delivers ". . . to the prosecuting officer's jurisdiction (1) written notice of the place of his imprisonment, and (2) his request for a final disposition to be made of the indictment, information, or complaint, which request must be accompanied by (3) the certificate of the appropriate official having custody of the prisoner stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the state parole agency relating to the prisoner. The written notice and request for final disposition referred to hereinabove, is given or sent by the prisoner to the warden or commissioner of corrections or other official having custody of him, who then promptly forwards it together with the certificate to the appropriate prosecuting official and court by registered or certified, mail, return receipt requested." *Pollard v. State,* 128 Ga. App. 470 (197 SE2d 158) (1973). The record in the present case shows that the defendant filed his written request with the district attorney's office, but he did not file his request with the court or otherwise comply with the remaining requirements of the statute. As a result, he did not make a valid request for a speedy trial. Johnson's reliance on *Duchac v. State,* 151 Ga. App. 374 (259 SE2d 740) (1979) is misplaced. In that case, the defendant complied with the statutory requirements. The state, however, is permitted to initiate the detainer proceeding under Code Ann. § 77-505b and must commence trial within 120 days of the defendant's arrival in the requesting state. *Duchac v. State,* supra. This procedure was used here and the defendant was brought to trial within the time provided by the statute. Accordingly, the trial court did not err in denying the defendant's motion to dismiss the indictment.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

SUBMITTED APRIL 7, 1980 — DECIDED
MAY 2, 1980.

*A. Frank Grimsley,* for appellant.

*Gary Christy, District Attorney,* for appellee.