## 60913. GREATHOUSE v. THE STATE.

BANKE, Judge.

The appellant, convicted of burglary, contends on appeal that he was denied his right to a speedy trial in violation of the Interstate Agreement on Detainers. Code Ann. § 77-501b et seq. The evidence shows that he was charged with burglary but that before he was apprehended by state authorities, he was taken into custody and incarcerated by federal authorities in Texas for violation of parole. The appellant sent a letter to the sheriff of Macon County inquiring about the detainer on him and enclosed with it a document entitled "Motion for Speedy Trial, etc." This document was forwarded to the trial court, which responded by letter informing appellant that the motion would be filed. The appellant's trial was held more than 180 days after his motion was filed. *Held:*

"Under Code Ann. § 77-504b, a person who is incarcerated in another state and who has had a detainer placed on his file, must be brought to trial within 180 days after he delivers '. . . to the prosecuting officer's jurisdiction (1) written notice of the place of his imprisonment, and (2) his request for a final disposition to be made of the indictment, information, or complaint, which request must be accompanied by (3) the certificate of the appropriate official having custody of the prisoner stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the state parole agency relating to the prisoner. The written notice and request for final disposition referred to hereinabove, is given or sent by the prisoner to the warden or commissioner of corrections or other official having custody of him, who then promptly forwards it together with the certificate to the appropriate prosecuting official and court by registered or certified mail, return receipt requested.' *Pollard v. State,* 128 Ga. App. 470 (197 SE2d 158) (1973)." *Johnson v. State,* 154 Ga. App. 512, 513 (268 SE2d 782) (1980). The appellant failed to comply with the requirements of (3) above, which renders his request for trial invalid. Appellant's reliance on *Duchac v. State,* 151 Ga. App. 374 (259 SE2d 740) (1979) is misplaced. In that case, the defendant complied with the statutory requirements.

The state is permitted to initiate the detainer proceeding under Code Ann. § 77-505b and must commence trial within 120 days of the defendant's arrival in the requesting state. *Duchac v. State,* supra. This procedure was used here, and the defendant was brought to trial within the time provided by the statute. The denial of appellant's motion in bar of trial and writ of error coram nobis was not erroneous.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

SUBMITTED NOVEMBER 3, 1980 — DECIDED
NOVEMBER 18, 1980.

*H. James Winkler,* for appellant.
*Claude N. Morris, District Attorney,* for appellee.

