38392. REED v. STYNCHCOMBE et al.

JORDAN, Chief Justice.

1. This is a habeas corpus proceeding. Code Ann. § 50-127 expressly applies to post-sentence habeas corpus proceedings. Therefore a certificate of probable cause was not a prerequisite for appeal in these *pretrial* habeas corpus proceedings that were filed by James Reed while he was in custody in lieu of bond pending trial on criminal charges.

The legislative intent to limit the requirement of a certificate of probable cause to appeals in post-sentence habeas corpus proceedings also is expressed by the mention, in the appellate practice provisions, of the "original record and transcript" pertaining to conviction and sentence. Code Ann. § 50-127 (11).

2. Reed wrote two letters demanding a speedy trial. The first, dated October 5, 1980, expressly made reference to the Interstate Agreement on Detainers. Code Ann. § 77-501b, et seq. The second, dated January 23, 1981, referred to Code Ann. § 27-1901, et seq., and demanded "trial within the next two court terms as defined by the laws of the State of Georgia."

During trial, Reed stated, through counsel, in response to the court's questioning, that he was relying on the second letter but not on the first. The trial court's order denying habeas relief nonetheless was predicated solely upon the absence of the "certificate of the appropriate official" required by the Interstate Agreement On Detainers. Code Ann. § 77-504b (a); *Greathouse v. State,* 156 Ga. App. 491 (274 SE2d 835) (1980).

In this court, Reed seeks to invoke the benefit of the 180-day time limitation of the Interstate Agreement On Detainers, Code Ann. § 77-504b (a), rather than the two-term limitation of Code Ann. § 27-1901, despite his express abandonment in the trial court of the Interstate Agreement On Detainers as a basis for habeas relief.

The trial court correctly denied habeas relief. If Reed was proceeding under the Interstate Agreement On Detainers, the absence of the certificate was fatal to his claim. *Greathouse v. State,*

supra. If, instead, he sought relief under the two-term rule, his demand was not timely in that it was not filed either at the term when the indictments were found or at the next succeeding regular term thereafter. Code Ann. § 27-1901.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 29, 1982.

*Myra H. Dixon,* for appellant.
*Lewis R. Slaton, District Attorney, Richard Hicks, Assistant District Attorney,* for appellees.