DECIDED MAY 3, 1983 —<br>REHEARING DENIED MAY 24, 1983.

*Lefkoff, Pike, Fox & Sims, Jerry L. Sims, Alexander P. Le Vorse,* for appellant.

*Jones, Ludwick & Malone, Timothy R. Brennan, Taylor W. Jones,* for appellees.

39902. HORTON v. WILKES et al.

HILL, Chief Justice.

Jimmy Lee Horton's convictions for murder and burglary were affirmed by this court in September 1982. *Horton v. State,* 249 Ga. 871 (295 SE2d 281) (1982). In November, 1982, Horton filed a petition for writ of certiorari with the United States Supreme Court.

On December 30, 1982, while that petition was still pending, he filed a petition for writ of habeas corpus in the Superior Court of Bibb County. By filing his petition for habeas corpus on December 30, 1982, he sought to avail himself of the waiver standards provided by existing law and to avoid the more stringent waiver standards applicable to habeas petitions filed on and after January 1, 1983. OCGA § 9-14-42 (Code Ann. § 50-127); Ga. Laws 1982, p. 786, § 5. In January 1983, the respondent moved to dismiss the habeas petition on the ground that it was premature in view of the pending petition for certiorari. The trial court granted the motion to dismiss on January 25, 1983.[1] The trial court held that under Georgia law, a defendant cannot bring a petition for writ of habeas corpus until his conviction is final. Horton then filed this application to appeal the dismissal of his petition for writ of habeas corpus.

Georgia Laws 1967, p. 835, substantially revised our habeas corpus laws as they relate to persons restrained of their liberty as a result of sentences imposed by state courts of record. That act, now OCGA § 9-14-41 et seq. (Code Ann. § 50-127), provides the "exclusive procedure" for such persons seeking habeas corpus. Thus, we are not here concerned with OCGA § 9-14-1 (a) (Code Ann. § 50-101); and *Reed v. Stynchcombe,* 249 Ga. 344 (290 SE2d 469) (1982), and *Lang v. Baker,* 248 Ga. 831 (286 SE2d 433) (1982), relied upon by Horton, are inapplicable.

Horton contends that he has the right to file his petition for habeas corpus under the 1967 act at any time after sentencing by the convicting court. He cites OCGA § 9-14-42 (a) (Code Ann. § 50-127) which provides in pertinent part that "Any person imprisoned by virtue of a sentence imposed by a state court of record . . . may institute a proceeding . . . [for habeas corpus]." While this provision specifies who may seek relief thereunder, it does not expressly provide when such proceeding may be commenced.

Counsel for respondent argues that, under the statute, habeas corpus lies only from a final judgment of conviction, and they support this argument by pointing out that a contrary determination would mean that two courts, here the U. S. Supreme Court and the superior court, would be considering the same case (although not all the same issues) at the same time, with the possibility that the two courts might reach inconsistent results or that the action of one might moot the action of the other; that the habeas petitioner here raises

---

[1] On January 24, 1983, the U. S. Supreme Court had denied the petition for writ of certiorari, Horton v. Georgia, 51 USLW 3553 (Jan. 24, 1983), but Horton's motion for rehearing was filed on February 16, 1983.

ineffective assistance of the counsel representing him on appeal, and that counsel cannot, while representing petitioner, testify as to the adequacy of his representation; and that while his habeas petition is pending, petitioner remains incarcerated in the local jail when he should be in the state prison system where the Attorney General's office would represent the warden in the habeas action.

OCGA § 9-14-44 (Code Ann. § 50-127) sets forth the proper contents of a habeas corpus petition, including "the date of rendition of the final judgment complained of." Death penalty cases are automatically reviewed by this court, OCGA § 17-10-35 (Code Ann. § 27-2537), and the judgment is not final until the judgment of this court is made the judgment of the trial court. *Twilley v. Twilley*, 195 Ga. 297, 298 (24 SE2d 46) (1943).

Construing the statute as a whole, we find that it was the intent of the General Assembly that a person imprisoned by virtue of a sentence of a state court of record cannot institute a petition for habeas corpus until the conviction is final.

This decision does not in any way determine the waiver standard to be applied to Horton's habeas petition when it is reinstituted.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 27, 1983 —
REHEARING DENIED MAY 24, 1983.

*Andrew L. Lipps, Joseph M. Nursey,* for appellant.
*Joseph H. Briley, District Attorney, Thomas J. Matthews, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Assistant Attorney General, Janice G. Hildenbrand, Staff Assistant Attorney General,* for appellees.