## 75551. THOMPSON v. THE STATE.
(367 SE2d 247)

SOGNIER, Judge.

Russell Thompson was convicted of armed robbery and he appeals.

In his sole enumeration of error, appellant contends the trial court erred by denying his motion to dismiss the indictment based upon the State's failure to bring him to trial within the time required by the Interstate Agreement on Detainers (IAD), OCGA § 42-6-20.

The record reveals that on June 6, 1986, because of the untried armed robbery charge, the district attorney of Chatham County, Georgia caused a detainer to be lodged against appellant, who was then incarcerated at the U. S. Penitentiary in Terre Haute, Indiana. Appellant made several unsuccessful attempts not relevant here to comply with the statutory procedure for requesting final disposition of the indictment. On July 2, 1986, appellant drafted a letter to an assistant district attorney in Chatham County enclosing his request for a speedy trial, and attaching forms completed by him. Appellant then mailed copies of the letter and enclosures by certified mail to both the clerk of the superior court and the district attorney's office in Chatham County. The record indicates that this mailing was received by the addressees on July 7th and July 9th, respectively. Subsequently, appellant did request prison authorities to execute the proper documents to initiate a request under the IAD. However, it is clear that when appellant mailed his request for disposition of the charges directly to the Chatham County authorities — on July 4th, according to the certified mail receipt — the memo dated July 7th from appellant to prison officials, upon which appellant relies, requesting that they complete the forms necessary under the IAD, could not have been included. A cover letter in the record indicates that the Warden's Certificate of Inmate's Status was completed by prison officials on July 15th, sent to the Chatham County District Attorney on July 25th, and received on August 1st. Appellant's trial commenced on January 26, 1987, within 180 days of receipt by the State of the Warden's Certificate of Inmate's Status.

Article III (a) of OCGA § 42-6-20 provides, in pertinent part, that "[w]henever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment . . . on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court . . . written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment . . . . The request of

the prisoner shall be accompanied by the certificate of the appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence," and other pertinent information. Subsection (b) of Article III provides that the notices required in subsection (a) are to be given or sent by the inmate to the warden or other appropriate official having custody of him, who is then responsible for "promptly" forwarding them to the prosecutor by registered or certified mail.

There is authority in this State for the proposition that absence of the required Certificate of Inmate's Status is fatal to an inmate's claim for disposition under the Act. See, e.g., *Greathouse v. State*, 156 Ga. App. 491 (274 SE2d 835) (1980); *Reed v. Stynchcombe*, 249 Ga. 344 (290 SE2d 469) (1982). In those cases, however, the Warden's Certificate of Inmate's Status was never provided, nor did the inmate do anything to cause them to be delivered. In the case sub judice, the required certificate was eventually supplied, and it is uncontroverted that appellant was tried within 180 days of receipt of all the items required by the statute. The parties have cited us to no Georgia case, and we have found none, which addresses the issue thus squarely presented here, i.e., what event triggered the running of the 180-day statutory period during which appellant must be brought to trial.

Appellant maintains the 180 days commenced upon receipt by the prosecutor of notice that appellant was making a claim for disposition, when appellant had done all that was required of him under the statute. Appellant argues that the inmate is at the mercy of the prison officials, and although they are under a statutory duty to "promptly forward" the inmate's request, their failure to do so should not penalize the prisoner, as it is not inconceivable that a delay may be occasioned by negligent or deliberate inaction on the part of the prison staff. Since the statute requires only that the inmate seeking final disposition of the charges against him *cause* his request "to be delivered" to the appropriate authorities, and the statute, by its own terms, is to be liberally construed, see OCGA § 42-6-20, Article IX, the statute's requirements should be deemed satisfied when the inmate requests the prison officials to act.

While this reasoning is persuasive, equally compelling is the countervailing argument that Georgia's right to try an accused for a crime committed within its borders should not be imperiled or compromised by a delay occasioned not by its own inaction or negligence, but by the inadvertent or deliberate failure to act of those having custody of the accused in another state. An examination of cases from other jurisdictions interpreting and applying the IAD reveals a predictable split of authority along these lines. See 98 ALR3d 160. We agree with the State that the latter consideration must control here,

in light of the circumstances of this case.

First, even assuming the prison officials in this case actually received appellant's memo on the same day it was written (which fact appellant has neither alleged nor attempted to prove), the time elapsed between the officials' receipt of appellant's memo and their mailing the completed forms to the prosecutor totals 18 days. We cannot say that, as a matter of law, this was an unreasonable delay such as will amount to a failure to "promptly forward" appellant's request.

Second, appellant's own actions, in mailing the request directly to the prosecutor and the clerk of court, did not comply with the mandate of the statute. OCGA § 42-6-20, Article III (b). Although it is true that appellant later conformed his actions to the statutory directive by submitting a request to the prison authorities, the date he urges this court to adopt as the one which triggers the 180-day period is the date the prosecutor received the direct mailing. This request was not sufficient under the statute, see *Johnson v. State*, 154 Ga. App. 512, 513 (268 SE2d 782) (1980), and we have held that the State is not required to act to bring a prisoner to trial within 180 days of an incomplete or improper request. See *Greathouse*, supra. An anomalous result would be achieved were we to decide here that if such an incomplete or incorrect request was subsequently completed or corrected, the State must bring the prisoner to trial within 180 days from the original, faulty request, thus shortening, sometimes drastically, the time allowed the State to prepare for and bring the accused to trial.

Accordingly, we hold the trial court did not err by denying appellant's motion to dismiss the indictment.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED MARCH 7, 1988—
REHEARING DENIED MARCH 16, 1988 —

*Charles C. Grile, Alex L. Zipperer III*, for appellant.

*Spencer Lawton, Jr., District Attorney, Barry I. Mortge, Assistant District Attorney*, for appellee.