77224. BRYANT INTERNATIONAL, INC. v. CRANE et al.
(374 SE2d 228)

CARLEY, Judge.

Following its repossession and sale of certain automobiles, appellant-plaintiff filed suit, seeking a deficiency judgment against appellee-defendants. Appellees answered and raised, among their defenses, appellant's failure to comply with the notice requirement of OCGA § 10-1-36. The trial court granted appellees' motion for summary judgment and this appeal is from that order.

OCGA § 10-1-36 provides, in relevant part, that "[w]hen any motor vehicle has been repossessed after default in accordance with Part 5 of Article 9 of Title 11, the seller or holder shall *not* be entitled to recover a deficiency against the buyer unless within ten days after the repossession he forwards by registered or certified mail to the address of the buyer shown on the contract or later designated by the buyer a notice of the seller's or holder's intention to pursue a deficiency claim against the buyer." (Emphasis supplied.) Appellant does not contend that it complied with the notice requirement of OCGA § 10-1-36. Instead, appellant urges that, notwithstanding the literal language of OCGA § 10-1-36, its failure to comply with the notice requirement does not prohibit it from recovering a deficiency judgment.

As authority for this proposition, appellant relies upon *Emmons v. Burkett*, 256 Ga. 855 (353 SE2d 908) (1987). In *Emmons*, the Supreme Court addressed the notice provisions of OCGA § 11-9-504 (3) and held that a creditor's noncompliance with those notice provisions will no longer be construed as an absolute bar to the recovery by a creditor of a deficiency judgment against a debtor. "[T]he code provisions concerning a debtor's default nowhere provide that a lack of notice bars a deficiency judgment or that proper notice is a condition precedent to the bringing of a deficiency action." *Emmons v. Burkett*, supra at 858 (2). Appellant urges that, by analogy, a creditor's failure to comply with the notice provisions of OCGA § 10-1-36 should no longer be construed as an absolute bar to his recovery of a deficiency judgment. However, the provisions of OCGA § 10-1-36 are subject to but one construction. Unlike OCGA § 11-9-504 (3), OCGA § 10-1-36 *does* specifically provide that a lack of notice bars a recovery of a deficiency judgment. OCGA § 10-1-36, according to its terms, "is cumulative of Part 5 of Article 9 of Title 11 and provides cumulative additional rights and remedies which must be fulfilled before any deficiency claim will lie against a buyer, and nothing herein shall be

deemed to repeal said part." Accordingly, *Emmons*, supra, is neither applicable nor controlling in the instant case, and the trial court correctly granted summary judgment in favor of appellees. See generally *Whitley v. Bank South*, 185 Ga. App. 896 (3) (366 SE2d 182) (1988); *Doughty v. Assoc. Commercial Corp.*, 152 Ga. App. 575 (263 SE2d 493) (1979).

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED OCTOBER 6, 1988.

*Robert J. Reed*, for appellant.
*Troy R. Millikan*, for appellees.