A89A0203. INMAN v. THE STATE.
(382 SE2d 122)

CARLEY, Chief Judge.

Appellant was tried before a jury and found guilty of burglary. He appeals from the judgment of conviction and sentence entered by the trial court on the jury's guilty verdict.

1. Pursuant to the provisions of OCGA § 42-6-20 et seq., the Interstate Agreement on Detainers Act, appellant moved to dismiss the charges against him. The trial court denied the motion and this ruling is enumerated as error.

Notwithstanding appellant's attempts to distinguish *Thompson v. State*, 186 Ga. App. 379 (367 SE2d 247) (1988) and *Greathouse v. State*, 156 Ga. App. 491 (274 SE2d 835) (1980), those decisions are controlling. "[A]ppellant was tried within 180 days of receipt of all the items required by the statute." *Thompson v. State*, supra at 380. The trial court did not err in denying appellant's motion to dismiss.

2. The trial court charged on the definition of "burglary," employing the language of OCGA § 16-7-1: "A person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within . . . any building . . . or any room or any part thereof." The trial court's failure to give, without request, a further charge on the definitions of "felony" and "theft" is enumerated as error.

There was no error in failing to instruct the jury on the definition of "felony" because, under the indictment, theft was the only felony that was relevant. See *Hibbert v. State*, 146 Ga. App. 887 (2) (247 SE2d 554) (1978). Moreover, even if a charge on the definition of "felony" had been applicable, it would not have been in error to fail to give it absent a written request. See *Burger v. State*, 245 Ga. 458, 462 (5) (265 SE2d 796) (1980). Likewise, it was not error to fail to instruct on the definition of "theft." "The word 'theft' is not . . . a technical word of art with narrowly defined meaning, but a word of general and broad connotation, covering any criminal appropriation of another's property to the taker's use. [Cit.]" *Henson v. State*, 136 Ga. App. 868,

869 (1) (222 SE2d 685) (1975). "[A]bsent a request, [a term having a common meaning and subject to common understanding] need not be defined in the court's charge. [Cit.]" *West v. State*, 252 Ga. 156, 159 (2) (313 SE2d 67) (1984).

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED APRIL 14, 1989 —
REHEARING DENIED MAY 9, 1989.

*Roger L. Curry*, for appellant.

*Thomas J. Charron, District Attorney, Nancy I. Jordan, James F. Morris, Assistant District Attorneys*, for appellee.