## A03A0346. PHILLIPS, INC. v. HISTORIC PROPERTIES OF AMERICA, LLC.
### (581 SE2d 389)

ADAMS, Judge.

Historic Properties of America, LLC (HPA) and A. M. Helms, Inc. entered into a construction agreement for the development of property located at 321 West Broughton Street in Savannah. Helms hired Phillips, Inc. to provide flooring materials and labor for the project. Helms failed to pay Phillips in accordance with their agreement, and Phillips filed suit against Helms seeking payment of amounts owed and against HPA to perfect its materialman's lien against the property.[1] HPA filed a motion for summary judgment, contending that Phillips failed to provide it with proper notice of the lien as required by OCGA § 44-14-361.1 (a) (2). The trial court agreed that the notice to HPA, which was sent via facsimile transmission, was not authorized under the statute, and granted HPA's motion for summary judgment. Phillips appeals.

OCGA § 44-14-361.1 (a) (2) provides, in pertinent part, as follows:

> (a) To make good the liens specified in paragraphs (1) through (8) of subsection (a) of Code Section 44-14-361, they must be created and declared in accordance with the following provisions, and on failure of any of them the lien shall not be effective or enforceable: . . . (2) . . . At the time of filing for record of his claim of lien, the lien claimant *shall* send a copy of the claim of lien by registered or certified mail or statutory overnight delivery to the owner of the property or contractor, as the agent of the owner.

(Emphasis supplied.)

We agree with the trial court that this language is mandatory, clear, and unequivocal. And, as Phillips recognizes in its brief on appeal, it has long been the rule that "Georgia's materialmen's lien law 'should be dealt with according to the strictest rules of strict construction.' *Green v. Farrar Lumber Co.*, 119 Ga. 30, 33 (46 SE 62) (1903)." *U. S. Filter Distrib. Group v. Barnett*, 273 Ga. 254, 255 (538 SE2d 739) (2000). However, citing *Grubb v. Woodglenn Properties*, 220 Ga. App. 902, 905 (4) (470 SE2d 455) (1996), Phillips argues that this Court has previously allowed a "flexible" construction of the notice requirement found in OCGA § 44-14-361.1 (a) (2).

In *Grubb*, notice was given by personal service of a copy of the lien on the homeowner's wife, and we deemed this notice sufficient

---

[1] The trial court granted a default judgment against Helms.

because it exceeded the statutory requirement that notice be sent by registered or certified mail or statutory overnight delivery. *Grubb v. Woodglenn Properties*, 220 Ga. App. at 905 (4). Phillips urges us to find that sending a copy of the lien by facsimile transmission likewise equals or exceeds the statutory requirements. This we decline to do. Instead, we agree with the trial court "that the inherent unreliability of service via facsimile does not serve the purpose of ensuring that the owner timely receives notice of a lien." We also find instructive our Supreme Court's analysis in *Clater v. State*, 266 Ga. 511, 512-513 (3) (467 SE2d 537) (1996). The issue in *Clater* was whether notice by facsimile transmission constituted substantial compliance with the notice provision of the Interstate Agreement on Detainer (IAD). In that case, as in the case at hand, the notice provision provided that the required document "*shall* be sent by registered or certified mail." Id. Our Supreme Court rejected the argument that notice sent by facsimile transmission constituted substantial compliance with the statute, and found that "under the IAD, a facsimile transmission is not the equivalent of registered or certified mail." Id. The court went on to note problems inherent with notice sent by facsimile transmission, such as the inability to determine who, in fact, received the notice and thus if, in fact, the notice was received by the proper person. The court also noted that the "plain" language of the notice provision did not support the argument to allow notice by facsimile transmission and that the provision did not suggest that alternative forms of service would be acceptable. Id. We find both the concerns and the rationale set forth in *Clater* applicable to the case at hand. We thus affirm the grant of summary judgment to HPA based on Phillips' failure to comply with the provisions of OCGA § 44-14-361.1 (a) (2).

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED APRIL 15, 2003.

*Oliver, Maner & Gray, James P. Gerard*, for appellant.
*Ellis, Painter, Ratterree & Bart, Sarah B. Akins*, for appellee.