## A06A1885. CONSUMER PORTFOLIO SERVICES, INC. v. ROUSE.

### (638 SE2d 442)

ADAMS, Judge.

Consumer Portfolio Services, Inc. repossessed a vehicle purchased by Winona G. Rouse. Consumer Portfolio sent Rouse a certified letter within ten days of the repossession notifying her that it intended to sell the vehicle at a private sale. The letter further advised Rouse of her right of redemption, and of her right to demand a public sale of the vehicle. The letter was sent to a post office box, not the street address shown on the retail sales contract. Within ten days of the receipt of the letter, Rouse sent a facsimile to Consumer Portfolio requesting a public auction of the vehicle, as well as a loan payment history. The vehicle was subsequently sold at a private auction, without notice to Rouse.

Following the sale, Consumer Portfolio filed a complaint against Rouse, seeking to recover the deficiency after the sale. Rouse answered, contending that she was not liable for the deficiency because the vehicle had not been sold at public auction pursuant to her demand. Following a bench trial, the trial court entered judgment for Rouse, finding that Consumer Portfolio had failed to comply with the provisions of OCGA § 10-1-36 and therefore was precluded from collecting a deficiency following the sale. Consumer Portfolio appeals.

OCGA § 10-1-36 (a) provides as follows:

When any motor vehicle has been repossessed after default in accordance with Part 6 of Article 9 of Title 11, the seller or holder shall not be entitled to recover a deficiency against the buyer unless within ten days after the repossession he or she forwards by registered or certified mail or statutory overnight delivery to the address of the buyer shown on the contract or later designated by the buyer a notice of the seller's or holder's intention to pursue a deficiency claim against the buyer. The notice shall also advise the buyer of his or her rights of redemption, as well as his or her right to demand a public sale of the repossessed motor vehicle. In the event the buyer exercises his or her right to demand a public sale of the goods, he or she shall in writing so advise the seller or holder of his or her election by registered or certified mail or statutory overnight delivery addressed to the seller or holder at the address from which the seller's or holder's notice emanated within ten days after the posting of the original seller's or holder's notice.

Consumer Portfolio argues that it complied with the foregoing provisions in terms of the notice it sent to Rouse and that the letter advised Rouse she had a right to demand a public sale of the vehicle and that to exercise that right she was required to notify Consumer Portfolio in writing by registered or certified mail sent to the address listed in the letter. It is undisputed that Rouse did not notify Consumer Portfolio of her demand for a public sale by registered or certified mail, but instead made that demand in a document she faxed to Consumer Portfolio. It is also undisputed that Consumer Portfolio did in fact receive the fax Rouse sent requesting a public sale.

But Consumer Portfolio argues that despite the evidence showing actual receipt of the demand for a public auction, fairness dictates that we strictly construe the notice requirements against Rouse, since we have previously found that strict compliance by the creditor is a condition precedent to the recovery of a deficiency balance. Consumer Portfolio is correct that we have found that a creditor who fails to comply with the notice provisions of OCGA § 10-1-36 is absolutely barred from the recovery of a deficiency judgment. We have reached this result based in part on the clear language of the statute that specifically provides that "the seller or holder shall not be entitled to recover a deficiency against the buyer unless [notice is given as provided in the statute]." (Citation, punctuation and emphasis omitted.) *Bryant Intl., Inc. v. Crane,* 188 Ga. App. 736 (374 SE2d 228) (1988) (failure of the creditor to strictly comply with the notice provisions found in OCGA § 11-9-504 will not result in an absolute bar to recovery of a deficiency judgment, but failure to strictly comply with notice provisions of OCGA § 10-1-36 will result in absolute bar).

Although the statute also plainly provides that a borrower demanding a public auction *"shall in writing so advise the seller or holder of his or her election by registered or certified mail or statutory overnight delivery, . . ."* the statute is silent as to the consequences of the buyer's failure to strictly follow the statute in terms of the notice it must give to demand a public sale. However, both this Court and our Supreme Court have held that statutory provisions which require notice to be sent by registered or certified mail may not be satisfied by sending notice via a facsimile transmission. In *Clater v. State,* 266 Ga. 511, 512-513 (3) (467 SE2d 537) (1996) the issue was whether a faxed notice complied with the notice provision of the Interstate Agreement on Detainers (IAD), which provided that the required document "shall be sent by registered or certified mail." Id. at 513 (3). In deciding that it did not, our Supreme Court noted the problems inherent with notice sent by a facsimile transmission, such as an inability to determine who received the notice and if the notice was received by the proper person. The court also went on to find that the

"plain" language of the notice provision did not support the argument to allow notice by facsimile transmission and that the notice provision did not suggest that alternative forms of service would be acceptable. Id.

We followed this rationale in *Phillips, Inc. v. Historic Properties of America*, 260 Ga. App. 886 (581 SE2d 389) (2003), and rejected the argument that notice sent by a facsimile transmission complied with the notice provision of the Georgia materialmen's lien statute. That statute pertinently provides that "the lien claimant shall send a copy of the claim of lien by registered or certified mail or statutory overnight delivery. . . ." OCGA § 44-14-361.1 (a) (2). We found this language to be "mandatory, clear, and unequivocal." *Phillips, Inc. v. Historic Properties*, 260 Ga. App. at 886. In so holding, we distinguished those cases in which personal service of a copy of the lien was found to be sufficient notice because it exceeded the statutory requirement that notice be sent by registered or certified mail or statutory overnight delivery. *Grubb v. Woodglenn Properties*, 220 Ga. App. 902, 905 (4) (470 SE2d 455) (1996).

Although neither party discusses the applicability of the holdings in *Historic Properties* and *Clater* to the present case, we find that they are controlling on the issue of whether a notice sent by facsimile transmission can satisfy a mandatory statutory requirement that notice be sent by certified mail or statutory overnight delivery. However, that does not end our inquiry under the particular facts of this case. Here, the notice sent to Rouse invited her in several places to contact Consumer Portfolio by telephone, and it appears that she did contact the creditor. She then sent the faxed notice to a number that the trial court found was "obviously provided to her." Thus, in this case there is the additional issue of whether Consumer Portfolio waived strict compliance with OCGA § 10-1-36. The trial court, as the trier of fact, resolved that issue in Rouse's favor. Consumer Portfolio admitted it received the notice Rouse sent to its fax number, and raised no issue as to the timeliness of the notice or whether it was received by the proper person.

Moreover, pretermitting the issue of waiver, but accepting Consumer Portfolio's argument that both creditors and debtors must strictly comply with the provisions of OCGA § 10-1-36, we would also affirm the trial court's finding that Consumer Portfolio was barred from recovering a deficiency against Rouse because it did not comply with the statute. OCGA § 10-1-36 (a) requires the creditor to send the required notice "to the address of the buyer shown on the contract or later designated by the buyer. . . ." In this case, the address shown on the contract for Rouse was a street address, but Consumer Portfolio sent notice to her at a post office box. Although this post office box was apparently shown on Rouse's checks as well as on an extension

agreement she signed, no evidence was presented to show that she ever designated this address as the address where notices should be sent instead of that shown on the contract. Although there is no issue that Rouse received the notice at the post office box where it was sent, just as there is no issue that Consumer Portfolio received the notice she faxed to them, strict adherence to the terms of the statute would nevertheless have required Consumer Portfolio to show that it sent the notice to the address listed on the contract or that Rouse later designated a different address and it sent the notice to that address. See *Whitley v. Bank South*, 185 Ga. App. 896, 899 (3) (366 SE2d 182) (1988). Thus, for this reason also, we agree that Consumer Portfolio was not entitled to seek a deficiency against Rouse, and the trial court's judgment in this case is thus affirmed.

*Judgment affirmed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED NOVEMBER 7, 2006.

*Jones, Morrison & Womack, Lewis N. Jones*, for appellant.

*Almand & Wiggins, Hope L. Martin, Jason M. Orenstein*, for appellee.