A10A1516. CABRERA et al. v. NATIONWIDE SOUTHEAST, LLC.
(700 SE2d 626)

JOHNSON, Judge.

Nationwide Southeast, LLC brought this action against Francisco and Vincenta Cabrera to recover a purported deficiency after it sold a repossessed automobile. The Cabreras appeal from the trial court's grant of summary judgment in favor of Nationwide, claiming that they presented sufficient evidence to present a jury question as to whether Nationwide complied with the notification requirements of OCGA § 10-1-36.[1] Nationwide now concedes that such a jury question remains, and we agree and reverse.

---

[1] See *Consumer Portfolio Svcs. v. Rouse*, 282 Ga. App. 314-315 (638 SE2d 442) (2006).

OCGA § 10-1-36 (a) provides that

> [w]hen any motor vehicle has been repossessed after default in accordance with Part 6 of Article 9 of Title 11, the seller or holder shall not be entitled to recover a deficiency against the buyer unless within ten days after the repossession he or she forwards by registered or certified mail or statutory overnight delivery to the address of the buyer shown on the contract or later designated by the buyer a notice of the seller's or holder's intention to pursue a deficiency claim against the buyer. The notice shall also advise the buyer of his or her rights of redemption, as well as his or her right to demand a public sale of the repossessed motor vehicle.

Here, as acknowledged by Nationwide, the Cabreras presented evidence that Nationwide failed to notify them of their right of redemption or their right to demand a public sale of the repossessed vehicle. Given that OCGA § 10-1-36 requires such notification as a prerequisite to the recovery of a deficiency,[2] the trial court erred in granting summary judgment to Nationwide. In addition, because the trial court's award of attorney fees and costs to Nationwide was based upon the grant of summary judgment, the judgment awarding attorney fees and costs is also reversed.[3]

*Judgment reversed. Miller, C. J., and Phipps, P. J., concur.*

DECIDED AUGUST 19, 2010.

*Richard M. Waller*, for appellants.
*Lefkoff, Rubin & Gleason, Craig B. Lefkoff*, for appellee.

---

[2] See *Bryant Intl. v. Crane*, 188 Ga. App. 736 (374 SE2d 228) (1988).
[3] See *Tavakolian v. Agio Corp.*, 304 Ga. App. 660, 666 (6) (697 SE2d 233) (2010).