**FOURTH DIVISION**
**RICKMAN, C. J.,**
**DILLARD, P. J., and PIPKIN, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**June 22, 2023**

# In the Court of Appeals of Georgia

A23A0120. CAPOTE v. THE STATE.

PIPKIN, Judge.

Following our grant of his application for interlocutory review,[1] Alfredo Capote appeals from the trial court's order denying his motion to dismiss a pending indictment based on the State's alleged failure to comply with Article III (a) of the Interstate Agreement on Detainers Act ("IAD"), OCGA § 42-6-20. As more fully set forth below, we now affirm.

---

[1] See *Miller v. State*, 180 Ga. App. 710, 710 (350 SE2d 313) (1986) (application for interlocutory review required to appeal denial of motion to dismiss an indictment for alleged failure to comply with OCGA § 42-6-20, Article III (a)); see also *Thomas v. State*, 276 Ga. 853, 853 (593 SE2d 848) (2003) (same from appeal of denial of motion to dismiss indictment for alleged failure to comply with OCGA § 42-6-20, Article IV (e)).

"The IAD is an interstate compact intended, among other things, to provide procedures for the orderly disposition of outstanding charges against prisoners incarcerated in out-of-state facilities and detainers based upon such charges." *Clater v. State*, 266 Ga. 511, 512 (2) (467 SE2d 537) (1996). The IAD is codified in Georgia at OCGA § 42-6-20. At issue in this case is Article III of the IAD, which provides the procedure for an accused who is indicted in this State while incarcerated in another state to obtain a "speedy trial" – to be tried within 180 days of the required notice – on the Georgia charges. Subsection (b) of Article III further provides:

> The written notice and request for final disposition referred to in paragraph (a) here shall be given or sent by the prisoner to the warden, commissioner of corrections or other official having custody of him, who shall promptly forward it together with the certificate to the appropriate prosecuting official and court by registered or certified mail or statutory overnight delivery, return receipt requested.

However, the 180-day time period "does not commence until the prisoner's request for final disposition of the charges against him has actually been delivered to the court and the prosecuting officer of the jurisdiction that lodged the detainer against him." *Fex v. Michigan*, 507 U. S. 43, 52 (113 SCt. 1085, 122 LE2d 406) (1993). See also OCGA § 42-6-20, Article III (a) (defendant shall be brought to trial within 180

2

days after "he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of . . . his request for a final disposition to be made of the indictment.").

Pertinent here, the record shows that, following a conviction on federal wire fraud charges, Capote was incarcerated in the Federal Correctional Complex in Beaumont, Texas ("FCC"). Shortly before he was convicted on the federal charge, Capote was indicted in Gwinnett County, Georgia on numerous charges. In December 2020, a detainer was placed on Capote in accordance with the IAD.[2]

On July 7, 2021, Capote requested that the FCC warden file on his behalf an IAD notice and request for disposition of the Gwinnett County charges. On that same day, the FCC warden sent a letter to Patsy Austin-Gatson, the Gwinnett County District Attorney, notifying her of Capote's IAD request for disposition and attaching certain forms required in connection with the request. A form attached to the letter had a preprinted notification that the letter had been sent to the prosecuting official and to the clerk of court by certified mail, return receipt requested. On that same day, the warden also sent Capote written verification that his IAD request had been sent.

---

[2] The State asserted below that the detainer was improper and that Capote was not authorized to invoke the IAD. The trial court found otherwise.

No action was taken on the Gwinnett County charges and on January 28, 2022, Capote filed a motion to dismiss for failure to dispose of the charges within 180 days as required by Article III (a) of the IAD. The State opposed the motion, arguing, among other things, that neither the Gwinnett County District Attorney nor the Gwinnett County Clerk of Superior Court had ever received the IAD disposition request.

A hearing was held on the motion on April 22, 2022. At the hearing, in addition to submitting the letter from the warden addressed to the District Attorney, Capote also introduced copies of the return receipts for "Article addressed to: "Gwinnett County District Clerk attention Tiana P. Garner" and "Article addressed to: the Gwinnett Justice and Asministratic [sic] Attention: Patsy Austin-Gaston;" these return receipts were stamped received by "Gwinnett County Mail Services" on July 27, 2021.[3]

The State presented the testimony of an Investigator with the Gwinnett County District Attorney's office concerning her efforts to locate Capote's IAD request. The Investigator testified that she was familiar with the Gwinnett County District

---

[3] A return receipt simply stamped "received" on July 25, 2021, was also filed for "Article Addressed to: IAD Administrator Dept. of Corrections" but receipt of this correspondence is not in issue.

4

Attorney's procedures on how IAD disposition requests were handled and tracked, and she testified in detail regarding the steps she took in attempting to locate Capote's IAD request. She also testified about who in the office would have handled or received copies of an IAD request. She found no evidence documenting receipt of the IAD request, and she was unable to find anybody in the District Attorney's office with any knowledge of the IAD request. The Investigator also said that she looked through the Gwinnett Superior Court's Odyssey filing system and was unable to find any documents related to Capote's IAD request in the court's files.

On June 8, 2022, the trial court entered an order denying Capote's motion to dismiss. Because there was no evidence that the return receipts introduced by Capote at the hearing corresponded to the documents supposedly sent by the FCC warden, the trial court determined that there was nothing to "affirmatively establish[]" that the letter sent by the FCC to the District Attorney's office complied with the Article III (b) requirement that the IAD notice be sent to the appropriate prosecuting official and court by registered or certified mail or statutory overnight delivery, return receipt requested. Further, crediting the testimony of the Investigator, the trial court also found that there was no evidence that the request was actually received by the Gwinnett County District Attorney's office or the Clerk of Court.

The trial court granted Capote's request for a certificate of immediate review, and we granted Capote's application for interlocutory review. On appeal, Capote argues that the trial court erred in finding no evidence regarding his compliance with the IAD. He contends that the return receipt stamp showing delivery created a presumption the letter had been delivered. According to Capote, the trial court should have relied on this presumption rather than crediting the testimony of the Investigator whose interests were adverse to Capote's.

As our Supreme Court has explained, "[a]ccording to the clear wording of Article III (a), the right of a prisoner to be tried within 180 days accrues only after the precise operational procedures set forth in the IAD are completely satisfied." *Clater*, 266 Ga. at 512 (3). See also *Herbert v. State*, 288 Ga. 843, 847-848 (4) (708 SE2d 260) (2011). Further, under the clear terms of the IAD statute and precedent from the United States Supreme Court, the clock does not start running on a prisoner's request for final disposition until the request has been delivered to the prosecuting officer and the appropriate court. See OCGA § 42-6-20, Article III (a); *Fex*, 507 U. S. at 52.

Here, the evidence may have shown compliance with the mailing requirements of the IAD sufficient to create a rebuttable presumption that the letter was received by *someone*. But we disagree with Capote that the trial court was required to find that

6

the letter was *delivered* to the prosecuting officer and the appropriate court. The return receipt showed only that it was delivered to Gwinnett County Mail Services, and the trial court specifically credited the testimony of the Investigator in determining that the IAD request had not actually been delivered to the prosecuting officer or the court. This finding was supported by at least some evidence, and thus we cannot say that the trial court clearly erred. Accordingly, the trial court's order denying Capote's motion to dismiss based on failure to comply with Article III (a) of the IAD is affirmed. See *United States v. Dooley*, 580 F3d 682, 685 (II) (8th Cir. 2009) ("[E]ven where a prisoner has made a good-faith effort to invoke his rights under the IAD[], he is not entitled to relief unless adequate notice was actually received."); *United v. Johnson*, 196 F3d 1000, 1002 (9th Cir. 1999) ("Under *Fex*, it does not matter what the prisoner may or may not have done in an attempt to cause such delivery . . . . Until actually delivery occurred, the 190-day period did not start to run.").

*Judgment affirmed. Rickman, C. J., concurs. Dillard, P. J., concurs specially.*

A23A0120. ALFREDO CAPOTE v. THE STATE.

DILLARD, Presiding Judge, concurring specially.

While I concur in the majority's opinion, I do acknowledge that both parties presented compelling evidence as to whether Capote's IAD request was delivered to both the Gwinnett County District Attorney's Office and the Gwinnett County Clerk of the Superior Court. But importantly, in cases involving a motion to dismiss an indictment, this Court "reviews the trial court's factual findings for clear error."[1] And

---

[1] *Arnold v. State*, 352 Ga. App. 777, 778 (835 SE2d 759) (2019); *see Rice v. State*, 366 Ga. App. 360, 361 (883 SE2d 42) (2023) ("When considering an appeal of a trial court's order on a motion to dismiss and/or quash an indictment, we review the trial court's interpretations of law and application of the law to the facts de novo

2

the clearly erroneous standard is, of course, "equivalent to the highly deferential 'any evidence' standard, which means we will not reverse a trial court's factual findings if there is *any* evidence in the record to support them."[2]

Here, the trial court obviously credited the investigator's testimony that the district attorney's office had no record of receiving Capote's IAD request, and she could not find any record of that request in the superior court's filing system *over* Capote's evidence that the request was delivered because he received return receipts after sending them by certified mail to the required parties. So, in light of the investigator's testimony, there was *some* evidence supporting the trial court's conclusion that, for whatever reason, the district attorney's office and the superior court did not actually receive Capote's IAD request.

---

and its findings of fact for clear error" (punctuation omitted)); *Grizzard v. State*, 301 Ga. App. 613, 614 (688 SE2d 402) (2009) ("As an appellate court, we review the trial court's denial of a motion to dismiss an indictment on speedy trial grounds for abuse of discretion and defer to the trial court's findings of fact and its weighing of disputed facts.").

[2] *Morrell v. State*, 313 Ga. 247, 251 (1) (869 SE2d 447) (2022) (emphasis supplied); *accord State v. Enich*, 337 Ga. App. 724, 726 (1) (788 SE2d 803) (2016).