## 71947. KING v. THE STATE.
### (345 SE2d 902)

CARLEY, Judge.

Appellant was tried before a jury and convicted of operating a motor vehicle after having been declared an habitual violator. See OCGA § 40-5-58 (c). Appellant appeals from the judgment of conviction and sentence entered on the jury verdict.

In the State's case-in-chief, the following evidence was adduced: On February 28, 1980, while appellant was incarcerated, he was declared to be an habitual violator under the provisions of OCGA § 40-5-58. Subsequently, the Georgia Department of Public Safety sent appellant notice of his status as an habitual violator. The notice was sent to appellant by certified mail, return receipt requested, and it was mailed to his last known address. On March 5, 1980, the certified letter containing notice of appellant's habitual violator status was claimed at the Post Office. The return receipt was signed "Ollie Mae King." The State offered no evidence as to the identity of Ollie Mae King. Appellant was released from incarceration on April 18, 1980. On December 29, 1984, appellant was arrested for driving under the influence, operating a motor vehicle without insurance, and simple battery. The investigation subsequent to that arrest revealed appellant's habitual violator status.

At the close of the State's case-in-chief, appellant moved for a directed verdict of acquittal. The motion was premised upon the assertion that the State's evidence failed to show that appellant had "received notice that his driver's license [had] been revoked" as an habitual violator. OCGA § 40-5-58 (c). The denial of the motion for a directed verdict of acquittal is appellant's sole enumeration of error.

OCGA § 40-5-58 (b) provides that, when a person becomes an habitual violator, "the [D]epartment [of Public Safety] shall forthwith notify such person that upon the date of notification such person has been declared by the [D]epartment to be an habitual violator. . . . Notice shall be *given* by certified mail, with return receipt requested. . . ." (Emphasis supplied.) " ' "[W]here notice is required to be given, it is generally held, in the absence of anything appearing to the contrary, that the notice is not complete until it is *received. . . .* [Cits.]" [Cits.]' [Cit.]" (Emphasis supplied.) *Menke v. First Nat. Bank,* 168 Ga. App. 495, 497 (309 SE2d 835) (1981). Although appellant contends that there was no evidence that he received notice, OCGA § 40-5-58 (b) specifically provides that "notice [of habitual violator status] given by certified mail with return receipt requested mailed to the person's last known address shall be *prima-facie evidence* that such person *received* the required notice." (Emphasis supplied.) "Prima facie evidence is such evidence as in judgment of law is sufficient, and if not rebutted remains sufficient." *Re-*

*public Truck Sales Corp. v. Padgett,* 30 Ga. App. 474, 475 (12) (118 SE 435) (1923). The record reveals evidence from which a jury could find that the Department of Public Safety had complied with all the statutory requirements of OCGA § 40-5-58 (b). Notice was sent by certified mail, return receipt requested, to appellant at his last known address. The return receipt showed that someone at that location accepted delivery of the certified letter addressed to appellant. OCGA § 40-5-58 (b) does not purport to establish a "chain of custody" requirement whereby the return receipt must bear the signature of the addressee himself. There is nothing in the statutory language from which to imply that receipt by one with ostensible authority to accept delivery of mail addressed to another is *not* to be considered as prima facie evidence that the addressee will, in the normal course of events, receive the notification. Accordingly, the evidence offered by the State in its case-in-chief was sufficient to make out a prima facie case against appellant. See generally *Elder v. State,* 68 Ga. App. 227 (22 SE2d 521) (1942). The trial court did not err in denying the motion for directed verdict of acquittal. The requirement of going "forward with the evidence" had shifted to appellant. See generally *Patterson v. State,* 239 Ga. 409, 416-417 (238 SE2d 2) (1977). Appellant did not renew his motion at the close of the evidence and no other enumeration of error is raised. Appellant's conviction is therefore affirmed.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED MAY 23, 1986.

*James R. McKay,* for appellant.
*Stephen F. Lanier, District Attorney,* for appellee.