A96A1241. DOBSON v. THE STATE.
(474 SE2d 630)

RUFFIN, Judge.

A jury convicted Randal E. Dobson of two counts of first degree vehicular homicide, serious injury by vehicle, and driving with unlawful blood alcohol concentration. These counts merged into one count of first degree vehicular homicide and one count of serious injury by motor vehicle. Dobson appeals and we affirm.

Dobson asserts that the State produced insufficient evidence to support the jury's verdict and that the verdict is contrary to law and equity. In particular, Dobson argues that the State failed to produce any evidence showing that Dobson's act of driving while under the influence of alcohol proximately caused the fatal collision in which he was involved.

In May 1993, Dobson was driving east on Highway 80 near Tybee Island when he lost control of his vehicle and crossed the center line. He collided with an oncoming vehicle driven by Cynthia Love, killing her and severely injuring her passenger. Although Dob-

son introduced evidence indicating that the collision may have resulted from a mechanical failure of his vehicle, the State's evidence showed that Dobson had been drinking prior to the collision. A beer bottle was found between Dobson's legs as he was being removed from his car, witnesses on the scene testified that Dobson's breath and his vehicle smelled of alcohol, and a blood sample taken approximately one hour and forty-five minutes after the collision showed that Dobson's blood alcohol level was .11. There was conflicting testimony at trial as to whether Dobson exhibited any physical signs of intoxication or impairment. However, an expert witness for the state testified that 100 percent of human beings become physically impaired when their blood alcohol levels reach .08 or higher.

When considering the evidence submitted at trial, this Court "determines only the legal sufficiency of the evidence adduced below and does not weigh the evidence or assess the credibility of the witnesses." *Miller v. State*, 208 Ga. App. 547 (1) (430 SE2d 873) (1993). In previous vehicular homicide cases, we have upheld the jury's verdict even where the State's showing of proximate cause was based upon circumstantial evidence. In *Mote v. State*, 212 Ga. App. 551 (442 SE2d 799) (1994), this Court upheld the defendant's conviction of first degree vehicular homicide by less safe DUI, even though the defendant's blood alcohol level was never tested. Furthermore, there was substantial evidence in *Mote* that another individual may have caused the collision. Thus, contrary to Dobson's assertions, the State is not required to produce direct evidence showing that the defendant's impaired driving ability proximately caused the collision. See id.

In the present case, we find the evidence sufficient to support Dobson's conviction. "Viewed in the light most favorable to the verdict, there was evidence presented from which a rational trier of fact could reasonably find that [Dobson] was guilty of the offense[s] charged beyond a reasonable doubt. While the testimony of the [witnesses] to the collision arguably suggested that [the collision may have resulted from mechanical failure], the testimony of the witnesses was in conflict. That conflict was for the jury, not this court, to resolve. A rational trier of fact could reasonably have concluded that [Dobson] was intoxicated and that his intoxication caused him to be a 'less safe' driver, OCGA § 40-6-391 (a) (1), and caused the collision." (Citations omitted.) Id. at 552-553. See also *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

For the same reasons, we are unable to find that the jury's verdict is contrary to law or equity in this case.

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED JULY 16, 1996.

*Douglas G. Andrews*, for appellant.
*Spencer Lawton, Jr., District Attorney, Gregory M. McConnell, Assistant District Attorney*, for appellee.