### A99A2403. GRIFFIN v. THE STATE.
(531 SE2d 752)

MILLER, Judge.

Angela Michele Griffin was tried before a jury and found guilty of first degree vehicular homicide (Counts 1 and 2), serious injury by vehicle (Count 3), driving under the influence (Count 4), driving without insurance (Count 5) and failure to use child safety restraints (Count 6). The DUI count was merged with the vehicular homicide counts at sentencing, and this direct appeal followed. Griffin enumerates the sufficiency of the evidence for first degree vehicular homicide. She also contends she was denied due process because the State failed to preserve potentially exculpatory evidence and the trial court would not allow her to independently test the blood sample taken from her. We affirm.

Viewed in the light most favorable to the jury's verdicts, the evidence adduced at trial showed that a Vidalia police officer was dispatched to the scene of a two-car accident that was a head-on collision. The vehicle driven by defendant Griffin was clearly in the oncoming traffic lane, still engaged to the other car. On the floorboard of Griffin's vehicle, the officer found a small child, deceased.

The driver of the other car, Leah Kight, was coherent, but the passenger, her father, was unconscious and eventually died. The Georgia State Patrol was notified to send a fatality crew to conduct the investigation, while the Vidalia police secured the scene. There were no witnesses to the accident.

An officer with the Georgia State Patrol observed tire marks in the southbound lane leading up to Griffin's vehicle. From this, he deduced that defendant's car did not suddenly veer into the southbound lane but had been in the wrong lane some time before impact. On the floorboard of defendant's car was a six-pack of beer, with some bottles still full with the cap on while others were unbroken with the cap off. The unbroken bottles with the cap on were still cool to the touch, with condensation. There was no child safety restraint device in Griffin's car.

After Griffin was informed of her implied consent rights, she consented to a blood test, and a hospital nurse drew that blood sample. Griffin was alert and oriented as to her location, what day it was, and her name, whereas someone in shock would be unable to give all that information. Griffin's blood sample tested positive for alcohol at 0.16 grams percent, while Kight's blood was negative for alcohol. Kight was unable to recall any of the details of the collision.

1. Any person who, without malice aforethought, causes the death of another person through the violation of OCGA § 40-6-391 (DUI) commits the offense of homicide by vehicle in the first degree.[1] While it is undisputed that the fatal accident occurred when Griffin's vehicle left the proper lane and crossed into the path of oncoming traffic, Griffin presented evidence that her car had a bad computer that caused the engine to skip and even shut down while driving, resulting in the loss of power assists to steering and braking. There had been a safety recall for that type of vehicle concerning leaking struts which, if not addressed, could cause the front end to fall down. Also, there were four recalls generated from tire failures. On appeal, Griffin contends the circumstantial evidence that her alleged intoxication caused the accident is insufficient under OCGA § 24-4-6 to exclude her reasonable hypotheses of innocence due to mechanical failure.

Questions as to the reasonableness of hypotheses are generally decided by the jury which heard the evidence, and where the jury is authorized to find the evidence, although circumstantial, was sufficient to exclude every reasonable hypothesis save the guilt of the accused, that finding will not be disturbed on appeal unless the ver-

---

[1] OCGA § 40-6-393 (a).

dict of guilt is insupportable as a matter of law.[2]

Griffin drove while her blood alcohol level exceeded the lawful limit. This evidence not only established the predicate violation of OCGA § 40-6-391 (a) (5), but it also raised the permissive inference that Griffin was intoxicated to the extent she was a less safe driver.[3] After weighing the contending theories, the jury concluded the more reasonable hypothesis was that Griffin's intoxication made her a less safe driver and this caused her to leave the proper lane of traffic and cross into the path of the oncoming vehicle. This is not an insupportable finding in light of all human experience. Consequently, the circumstantial evidence was sufficient under the standard of *Jackson v. Virginia*[4] to authorize the jury's verdicts that Griffin is guilty, beyond a reasonable doubt, of the two counts of first degree vehicular homicide alleged in the indictment.[5]

2. Nine months before trial, defendant moved for an order "expedit[ing] discovery" pursuant to OCGA § 17-16-4 and directing the State to "make available" certain evidence including the "vehicles which were involved in the accident" and defendant's blood sample that was tested for alcohol content. At the hearing on defendant's motion, the State's attorney stated he would make available to counsel "everything I've got today," but denied any knowledge of the whereabouts of the vehicles. At the court's suggestion, the prosecutor offered to telephone the police department, whereupon proceedings in the hearing were concluded without any ruling on the motion. At trial, defendant adduced evidence showing that, five or six weeks after the police conducted their inquiries, the vehicle driven by defendant was sold by the wrecker service that towed it from the scene. No motion for new trial was filed in this case.

Although defendant contends on appeal that she was denied due process because the police failed to preserve arguably exculpatory physical evidence and she was denied an independent test of her blood sample, for aught that appears of record there is no ruling on either question by the trial court. This Court is for the correction of errors of law committed by the trial court where proper exception is taken.[6] Griffin failed to pursue these due process objections to a decision below, and "this court will not consider issues and grounds for

---

[2] *Robbins v. State*, 269 Ga. 500, 501 (1) (499 SE2d 323) (1998). See also *Smith v. State*, 56 Ga. App. 384, 387-388 (192 SE 647) (1937) (where there appears from the evidence (or the lack of evidence) some hypothesis pointing to the innocence of the accused, and which tested by all human experience is a reasonable one, this Court may declare it so as a matter of law).

[3] OCGA § 40-6-392 (b) (3). See also *Ellerbee v. State*, 215 Ga. App. 102, 104 (5) (449 SE2d 874) (1994).

[4] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[5] *Dobson v. State*, 222 Ga. App. 331, 332 (474 SE2d 630) (1996).

[6] *Sparks v. State*, 232 Ga. App. 179, 182 (3) (a) (501 SE2d 562) (1998).

objection, even of constitutional magnitude, which were not raised and determined in the trial court."[7] Consequently, the second and third enumerations present nothing for decision on appeal.

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED MARCH 17, 2000.

*John E. Morrison,* for appellant.

*Richard A. Malone, District Attorney, William S. Askew, Charles D. Howard, Assistant District Attorneys,* for appellee.

---

[7] (Citations and punctuation omitted.) *Gee v. State,* 210 Ga. App. 60, 61 (3) (435 SE2d 275) (1993).