A05A1805. WILLIAMS v. THE STATE.
(625 SE2d 509)

JOHNSON, Presiding Judge.

Denard Williams was tried before a jury and found guilty of possessing marijuana with intent to distribute. The trial court sentenced Williams to serve four years in confinement and four years on probation. He appeals, challenging the sufficiency of the evidence, the state's failure to preserve potentially exculpatory evidence, the admission of similar transaction evidence, and the giving of a particular jury instruction. The challenges are without merit, and we therefore affirm Williams' conviction.

1. "On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility."[1]

Viewed in favor of the verdict, the evidence in the instant case shows that on June 19, 2003, Tony Corley was driving his sister's car, with Williams sitting in the front passenger seat and his friend Freddie Brown sitting in the back seat. A police officer stopped Corley because one of the car's brake lights did not work. During the stop, the officer discovered that Corley did not have a valid driver's license. The officer arrested Corley for driving without a valid license and impounded the vehicle since it did not belong to him or either passenger.

---

[7] See *Peterson v. State,* 158 Ga. App. 195, 196-197 (3) (279 SE2d 493) (1981).

[1] (Citation and punctuation omitted.) *Adkinson v. State,* 236 Ga. App. 270, 271 (1) (511 SE2d 527) (1999).

Another officer, who had arrived to help with the stop, asked Williams to get out of the car so the officers could inventory the contents of the impounded vehicle. When Williams stepped out of the front passenger seat, the officer immediately saw a plastic bag containing suspected cocaine lying on the seat.[2] Williams then began talking quickly and voluntarily told the officers that there was marijuana in the car, inside two baby shoes under the front seat. The officers looked under the front passenger seat and indeed found a pair of baby shoes stuffed full of a total of 20 small plastic bags of marijuana. One of the shoes contained a white leather pouch with twelve small marijuana bags in it, and the other shoe held eight small bags of marijuana. According to one of the officers, such packaging of marijuana indicates an intent to sell it rather than keep it for personal use, and such small bags of marijuana are known as "dime bags" because they typically are sold for ten dollars apiece.

Corley testified that when he first encountered Williams on the night in question, Williams had approximately 20 small plastic bags of marijuana in a white leather pouch. Williams tried to sell the marijuana to him, but Corley did not have enough money to buy it. Shortly before the officer pulled him over, Corley saw Williams shoving the baby shoes, which belonged to Corley's niece, underneath the front passenger seat.

The state also introduced similar transaction evidence. According to that evidence, just a few months before the incident in Corley's car, Williams was found in possession of four small plastic bags of marijuana, and he was charged with possession of marijuana with intent to distribute.[3]

Williams claims that his conviction should be overturned because one of the other occupants of the car could have committed the crime. It is true that merely finding the contraband in the car occupied by Williams is not sufficient to support the conviction if it affirmatively appears from the evidence that persons other than he had equal opportunity to commit the crime.[4] However, if there is evidence other than Williams' presence inside the vehicle showing that he possessed the contraband, then the jury was authorized to determine his guilt or innocence.[5]

In this case, there was significant evidence other than Williams' mere presence inside the car that shows he possessed the marijuana. Upon his removal from the car he voluntarily told the officers exactly

---

[2] Subsequent laboratory testing showed that the substance was not cocaine.

[3] Williams pled guilty to the charge and was sentenced to probation as a first offender, but his conviction was not entered into evidence before the jury.

[4] See *Johnson v. State*, 268 Ga. App. 808, 810 (602 SE2d 840) (2004).

[5] Id.

where the marijuana was hidden, the marijuana was found directly underneath the seat which he had just occupied, Corley gave testimony establishing that the marijuana belonged to Williams, and Williams had previously been found in possession of similarly packaged marijuana. Such evidence authorized the jury to find him guilty beyond a reasonable doubt of possessing marijuana with intent to distribute.[6]

2. Williams contends that his constitutional rights were violated because the state did not preserve the white leather pouch or the baby shoes as possible fingerprint evidence. He reasons that if Corley's fingerprints had been found on the pouch or shoes, it would have been compelling evidence that the marijuana belonged to Corley.

Williams, however, did not preserve this constitutional issue for appellate review because he did not raise it in the trial court. We are a court for the correction of errors of law committed by the trial court where proper exception is taken, and we will not consider issues and grounds for objection, even of a constitutional magnitude, which were not raised and determined in the trial court.[7] While the portion of the trial transcript cited by Williams in support of his appellate argument shows that he questioned the officer who had stopped the car about why he did not preserve the pouch or shoes as evidence, it does not show that he ever argued to the trial court that the failure to preserve the evidence violated some constitutional right.[8] Since Williams did not raise this constitutional issue in, or obtain a ruling on it from, the trial court, there is nothing for us to review.

Even if the issue were properly before us, it is without merit. "In dealing with the failure of the state to preserve evidence which might have exonerated the defendant, a court must determine both whether the evidence was material and whether the police acted in bad faith in failing to preserve the evidence."[9] Assuming, without deciding, that the leather pouch and shoes were material, Williams has made no showing that the police acted in bad faith in failing to preserve them as evidence. The officer who stopped the car testified that he did not preserve the pouch or shoes as evidence because it is not illegal to possess those items, and he preserved as evidence only the suspected contraband. At most, the officer's decision not to preserve the items in which the plastic bags of marijuana were found may have been careless police work, but it does not rise to the level of bad faith.[10]

---

[6] Id.

[7] *Griffin v. State*, 242 Ga. App. 878, 880-881 (2) (531 SE2d 752) (2000).

[8] See *Fincher v. State*, 276 Ga. 480, 483 (5) (578 SE2d 102) (2003) (state's duty to preserve potentially exculpatory evidence arises from federal constitutional due process clause).

[9] (Citations and punctuation omitted.) Id.

[10] See *Walker v. State*, 264 Ga. 676, 681 (3) (449 SE2d 845) (1994) (careless, shoddy and

3. Williams argues that the trial court erred in admitting the similar transaction evidence. Before similar transaction evidence can be admitted, the state must show that: (1) it seeks to introduce the evidence for an appropriate purpose; (2) there is sufficient evidence that the accused committed the independent act or offense; and (3) there is a sufficient connection or similarity between the independent act or offense and the crime charged such that proof of the former tends to prove the latter.[11]

In the present case, the state made all three showings. First, the state sought to introduce evidence of Williams' prior drug offense for the proper purposes of showing his common scheme, course of conduct and bent of mind.[12] Second, there is no dispute that Williams committed the prior offense since he had pled guilty to it and had admitted to it during his trial testimony in this case. Third, the prior and current offenses of possessing marijuana with intent to distribute are sufficiently similar. In both instances Williams was found to have small plastic bags of marijuana, he did not possess any other drug paraphernalia for personal use of the drugs, and the offenses were committed within five months of each other.[13]

A trial court's decision to admit similar transaction evidence will be upheld on appeal unless clearly erroneous.[14] Here, given the similarity of Williams' prior and current offenses, and the proper purposes for which the state sought to introduce such evidence, the trial court did not abuse its discretion in allowing evidence of Williams' prior drug offense.[15]

4. Williams complains that the trial court erred in giving the following jury instruction: "While mere presence at the scene of the commission of a crime is not sufficient evidence to convict one of being a party thereto, presence, companionship, and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred." Williams claims there is no evidence that he and Corley were companions, and therefore the inclusion of the word "companionship" in the charge is misleading, argumentative and not adjusted to the facts.

---

unprofessional investigatory procedures do not indicate bad faith).

[11] *Bailey v. State*, 259 Ga. App. 293, 296 (5) (576 SE2d 668) (2003).

[12] See *Hatcher v. State*, 224 Ga. App. 747, 752 (3) (482 SE2d 443) (1997) (similar drug crime is admissible to prove identity, motive, plan, scheme, bent of mind or course of conduct).

[13] The prior offense occurred on January 17, 2003, and the current offense occurred on June 19, 2003.

[14] *Bailey*, supra at 298 (5).

[15] See *Mitchell v. State*, 249 Ga. App. 520, 521-522 (1) (548 SE2d 469) (2001).

First, we note that the Supreme Court of Georgia has upheld this very charge as a correct statement of law.[16] Second, contrary to Williams' argument, the evidence plainly shows that he and Corley were companions. The word "companion" is defined as "one that accompanies or is in the company of another."[17] As a passenger in the front seat of the car driven by Corley, Williams obviously accompanied him or was in his company. Because the jury charge was supported by the evidence and was a correct statement of the law, we find no error.

*Judgment affirmed. Ruffin, C. J., and Barnes, J., concur.*

DECIDED DECEMBER 28, 2005.

*David P. Smith*, for appellant.

*Patrick H. Head, District Attorney, Ann B. Harris, Amelia G. Pray, Assistant District Attorneys*, for appellee.

---

[16] *Johnson v. State*, 275 Ga. 650, 654 (8) (571 SE2d 782) (2002).

[17] Webster's Third New International Dictionary.