644 S.E.2d 299 (2007)
In the Interest of D.P. et al., children.
No. A07A0419.
Court of Appeals of Georgia.
March 22, 2007.
*300 Rodney Q. Quarles, for appellant.
Thurbert E. Baker, Attorney General, Shalen S. Nelson, Senior Assistant Attorney General, Cynthia N. Johnson, for appellee.
PHIPPS, Judge.
The father of D.P. and T.P. appeals an order of the Juvenile Court of Murray County finding the children deprived and awarding temporary custody of them to the Murray County Department of Family and Children Services (DFCS). Because the juvenile court based its decision primarily on evidence received at an unrecorded hearing, we reverse.
In June 2006, DFCS filed a petition alleging that 12-year-old D.P. and 13-year-old T.P. were deprived, and the juvenile court entered an order authorizing DFCS to take immediate custody of them. Based on evidence presented at the detention hearing, the court entered an order making certain findings. On the basis of these findings, the court determined that the children would be in imminent danger if returned to the father, and custody of the children was therefore continued in DFCS. Shortly after the detention hearing, the case came on for an adjudicatory hearing. Following the adjudicatory hearing, the juvenile court entered an order finding the children deprived and granting temporary custody of them to DFCS. The court based its finding of deprivation primarily on the findings in the detention order. The court noted in the deprivation order that it had taken judicial notice of these earlier findings without objection by counsel.
"Under Georgia law, a child is deprived if the child `is without proper parental care or control, subsistence, education as required by law, or other care or control necessary for the child's physical, mental, or emotional health or morals.'"[1]
It has been held that to authorize a termination of parental rights, or even a loss of temporary custody by a child's parents, on the basis of deprivation, the deprivation must be shown to have resulted from unfitness on the part of the parent, that is, either intentional or unintentional misconduct resulting in the abuse or neglect of the child or by what is tantamount to physical or mental incapability to care for the child.[2]

*301 Clear and convincing evidence is required to support a finding of deprivation. On appeal, we determine whether, after reviewing the evidence in the light most favorable to the appellee, any rational trier of fact could have found by clear and convincing evidence that the natural parent's rights to custody have been lost. This standard of review safeguards the high value society places on the integrity of the family unit and helps eliminate the risk that a factfinder might base his determination on a few isolated instances of unusual conduct or idiosyncratic behavior. Only under compelling circumstances found to exist by clear and convincing proof may a court sever the parent-child custodial relationship.[3]
Here, however, our review of the sufficiency of the evidence to support the trial court's finding of deprivation is not possible, because that finding is based primarily on evidence introduced at the detention hearing and there is no transcript of the detention hearing.
The juvenile court's finding (or rather conclusion) of deprivation in the deprivation order is based on findings that the father had become so emotionally distraught as a result of the death of another child that he had begun to abuse D.P. and T.P., that the father had serious mental health issues bordering on paranoia, that at times he appeared incoherent, that he was not taking his prescribed medication and might be abusing other prescription drugs, that he was not properly administering to the children drugs that had been prescribed for them, and that the other child's death (which was ruled a suicide) occurred at a time when the father had failed to give him his prescribed medication. Those findings provide adequate support for the conclusion that the children are without proper parental care or control necessary for their physical, mental, and emotional health resulting from (perhaps transient) unfitness on the part of the father.
But the evidence at the adjudicatory hearing, introduced through the testimony of DFCS and school personnel, supports findings only that the children began to exhibit behavioral problems at school after their brother's death; that D.P. appeared at school with a black eye he could not explain; and that T.P. was afraid of his father and did not want to return home, because he said that (a) his father would punch him in the arm and stomach if he did not perform his chores satisfactorily, (b) he had gotten into a physical altercation with his father on one occasion, and (c) his father blamed him for his brother's death. Although the father's punching of the child raises grave concerns, the evidence does not show the severity of the blow struck or the extent of any ensuing injuries. The altercation is also a cause of concern; but again, the evidence does not show how or if the child was injured or the cause of the fight. Standing alone, the evidence is thus insufficient to support a finding of deprivation so as to authorize even a temporary loss of parental custody. Other evidence introduced at the adjudicatory hearing showed that D.P. and T.P. had not reported the allegations of physical abuse by their father, and that the father kept a neat and orderly home and provided his children with all of their essential needs. There was no evidence that friends or family members had seen signs of abuse; and although there is evidence that the children had reported instances of abuse to their friends, that evidence was admitted in the form of hearsay testimony and is thus not probative.
Under OCGA § 15-11-41(a) and (b), "[a]ll hearings" in child deprivation proceedings "shall be recorded by stenographic notes or by electronic, mechanical, or other appropriate means, unless such recording is waived by the child and the child's parent, guardian, or attorney." This provision for recording of such proceedings facilitates appellate review and is mandatory unless waived.[4] Although OCGA § 15-11-49 describes the detention hearing as "informal," the broadly-applicable recording requirement of OCGA § 15-11-41(b) still applies, particularly *302 where, as here, the essential evidence supporting the juvenile court's finding of deprivation is introduced at that hearing. The record reflects no waiver of the recording requirement by anyone, and we will not presume waiver of a requirement such as this from a silent record. We, therefore, reverse the judgment and remand for further proceedings.
Judgment reversed and case remanded.
JOHNSON, P.J., and MIKELL, J., concur.
NOTES
[1] In the Interest of M.L.C., 249 Ga.App. 435, 436(2), 548 S.E.2d 137 (2001), citing OCGA § 15-11-2(8)(A).
[2] In re D.H., 178 Ga.App. 119, 124, 342 S.E.2d 367 (1986) (citations omitted).
[3] In the Interest of C.D.E., 248 Ga.App. 756, 761(1), 546 S.E.2d 837 (2001) (footnotes omitted).
[4] In the Interest of L.G., 230 Ga.App. 153, 154, 495 S.E.2d 628 (1998).