[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-10130
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 1, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 98-02373-CV-ODE-1

CONTINENTAL CASUALTY COMPANY

Plaintiff,

versus

BARBARA F. ADAMO,
Individually and in her capacity as Administrator
of the Estate of Shana Slakman,
PHILLIP D. FAIRCLOTH, Executor of the Estate of
Sherwin Glass,

Defendants-Appellees,

SHERWIN GLASS,

Defendant,

BARRY S. SLAKMAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

**(July 1, 2008)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Barry S. Slakman, pro se, appeals from the district court's grant of summary judgment in favor of Barbara Adamo and Phillip Faircloth upon their renewed motion in a diversity interpleader action, 28 U.S.C. §§ 1332(a)(1) and 1335, for an order of distribution of life insurance proceeds, pursuant to O.C.G.A. § 33-25-13, following the murder of Slakman's wife, Shana Slakman ("Shana"). Slakman argues that he established a genuine issue of material fact by rebutting the prima facie evidence that he murdered Shana, which consisted of a final state court judgment of conviction. In particular, Slakman argues that he presented facts showing that (1) the murder must have occurred after he left home because it was "physically improbable" for someone to have killed Shana, moved her body, and cleaned up the crime scene in a 20-minute time frame, and (2) based on certain trial evidence and the affidavit of his retained professional engineer, he was not at home at the time Shana's body was moved. For the reasons set forth below, we affirm.

2

As a preliminary matter, in addition to the issue on appeal, we construe statements in Slakman's brief as a motion to file a deferred appendix, pursuant to Fed. R. App. P. 30(c)(1). We deny the motion because the documents Slakman wishes to file in an appendix are not necessary to resolve the issue on appeal. Thus, we dispense with the appendix and thereby permit the appeal to proceed on the original record, pursuant to Fed. R. App. P. 30(f). Accordingly, Slakman's motion to file a deferred appendix is denied.

We review a district court's grant of a motion for summary judgment de novo, "viewing the record and drawing all reasonable inferences in the light most favorable to the non-moving party." *Weeks v. Harden Mfg. Corp.*, 291 F.3d 1307, 1311 (11th Cir. 2002). Summary judgment is proper if the pleadings, depositions, and affidavits show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986) (quoting Fed. R. Civ. P. 56(c)).

Under Georgia law,

[n]o person who commits murder or voluntary manslaughter or who conspires with another to commit murder shall receive any benefits from any insurance policy on the life of the deceased, even though the person so killing or conspiring be named beneficiary in the insurance policy. A plea of guilty or a judicial finding of guilt not reversed or otherwise set aside as to any of such crimes shall be prima-facie

3

evidence of guilt in determining rights under this Code section. O.C.G.A. § 33-25-13. Under O.C.G.A. § 33-25-13, a murder conviction "may serve as prima facie evidence of guilt in a civil proceeding brought pursuant to O.C.G.A. § 33-25-13 upon either the exhaustion of the . . . right to a direct appeal or the expiration of time within which a first direct appeal could have been timely filed." *Slakman v. Continental Cas. Co.*, 587 Se. 2d 24, 27 (Ga. 2003). A preponderance of the evidence is sufficient to support a verdict in a civil case. O.C.G.A. § 24-4-3. Prima facie evidence means "evidence of such nature as is sufficient to establish a fact and which, if unrebutted, remains sufficient for that purpose." *Cumulus Media, Inc. v. Clear Channel Communications, Inc.*, 304 F.3d 1167, 1176 n.13 (11th Cir. 2002) (internal quotation marks omitted); *see also King v. State*, 345 S.E.2d 902, 904 (Ga. Ct. App. 1986) ("Prima facie evidence is such evidence as in judgment of law is sufficient, and if not rebutted remains sufficient." (internal quotation marks omitted)).

The Georgia Supreme Court affirmed Slakman's conviction and the United States Supreme Court denied Slakman's petition for writ of certiorari. *Slakman v. State*, 632 S.E.2d 378, 385 (Ga. 2006), *cert. denied*, 127 S. Ct. 1273 (2007). Thus, Slakman's conviction was prima facie evidence that he was guilty of Shana's murder for the purpose of determining that he could not receive proceeds of an

4

insurance policy on Shana's life. Upon Adamo and Fairchild's renewed motion for summary judgment, therefore, Slakman had the burden to "set forth specific facts showing that there [was] a genuine issue for trial," and that a jury in the civil case "could reasonably find for" him. *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990).

Slakman has not met his burden. Although he pointed to specific facts purportedly presented at trial, Slakman did not make all of the trial evidence part of the record in his interpleader action. The prima facie evidence of guilt was a certified copy of a final conviction, along with the Georgia Supreme Court's account of the evidence in support of the conviction. The court noted that the time of death was as early as 6:00 a.m., as opposed to the 7:00 a.m. time that Slakman suggested. Additionally, the court noted that upon being told that the body was found in the bedroom, Slakman told police that they found the body in the shower. *Slakman v. State*, 632 S.E. 2d at 382. Moreover, the court specifically found that sufficient evidence supported the jury's verdict of guilty beyond a reasonable doubt. *Id.* The record therefore shows that there was no genuine issue of material fact regarding whether Slakman murdered his wife. Accordingly, Adamo and Faircloth were entitled to judgment as a matter of law, and we affirm the district court's grant of Adamo and Faircloth's renewed motion for summary judgment.

**AFFIRMED AND MOTION DENIED.**

5