A09A2069. WEST v. THE STATE.
(685 SE2d 486)

JOHNSON, Presiding Judge.

On October 5, 2005, an officer with the Cordele Police Department effected a traffic stop on Scottie West because his car had two burned out brake lights. While speaking with West, the officer noticed the odor of alcohol emanating from West and that West had watery eyes. The officer also noticed a can of beer in the center

---

console, a nearly empty bottle of liquor on the seat, and a small child sleeping in the back seat. The officer asked West if he had been drinking, and West responded that he had.

West performed a series of field sobriety tests, each of which he failed, and he continually asked the officer to "cut him a break." The officer arrested West and read him the implied consent warnings. He then requested that West take a breath test. West agreed to a breath test on the Intoxilyzer 5000. West's first test registered a 0.247, and his second test registered a 0.257.

1. West contends the trial court erred in allowing the officer to testify concerning information in the certificates of inspection regarding the Intoxilyzer 5000. Specifically, he argues that the officer should not have been allowed to testify that since the certificates showed that the unit was in good operating order on August 10, 2005 and November 3, 2005, "it still would have been in good working condition" between those dates. However, contrary to West's argument, the officer's testimony was not merely a speculative conclusion, but was an opinion based on the witness's own observations and, therefore, proper.[1]

The officer testified that he had a valid permit issued by the Georgia Bureau of Investigation that certified him to operate the Intoxilyzer 5000, that the machine had been inspected approximately two months prior to West's arrest and one month after West's arrest and found to be in good working order on both occasions, that the machine appeared to be operating properly on the day of West's arrest, and that the machine completed the appropriate self-diagnostic tests on the day of West's arrest. The officer's opinion that the machine was in good working order on the dates between the certificates of inspection was based on his observation of the certificates of inspection as well as his own observations of the machine and its self-diagnostic tests on the day of West's arrest.[2] This evidence belies West's contention that the officer's testimony concerning the machine being in good working order was speculative.[3] The trial court did not err in allowing the testimony.

Moreover, even if we were to assume it was error to allow the officer's testimony regarding the working condition of the Intoxilyzer machine between the dates of the certificates of inspection, West has not shown any harm that resulted from the officer's testimony. In order to constitute reversible error, there must be harm

---

[1] See generally *Roberts v. State*, 272 Ga. 822, 827 (7) (537 SE2d 86) (2000).

[2] See *Evans v. State*, 230 Ga. App. 728, 731 (2) (497 SE2d 248) (1998) ("self-tests" indicated Intoxilyzer machine was in proper working order).

[3] *Brandon v. State*, 236 Ga. App. 203, 204 (2) (511 SE2d 573) (1999).

as well as error.[4] Here, the Intoxilyzer machine performed self-diagnostic tests on the day of West's arrest, and no problems with the machine were detected. In addition, "a single certificate, standing on its own, is sufficient to assure the machine was operating properly."[5] Bearing these facts in mind, the officer's testimony that the machine was operating properly between the dates of the two certificates of inspection is cumulative and did not harm West.[6]

2. West next contends the trial court erred in allowing the officer to testify that he checked West's driving history and learned that West had previously been declared a habitual violator. At trial, West objected to this testimony on the ground that it was hearsay. On appeal, however, West asserts that the state failed to lay a proper foundation for the testimony. Issues and objections not raised in the trial court and ruled on by the trial court are deemed waived and cannot be raised for the first time on appeal.[7]

Even assuming that West's objection was proper, West has failed to show any harm.[8] The officer's testimony regarding West being a habitual violator was cumulative. The state tendered a certified copy and return receipt from the Department of Public Safety of West's notice that he was a habitual violator. And the officer's testimony simply showed what he did during the course of his investigation; it was not used to prove that West was, in fact, a habitual violator. The trial court did not err in permitting the testimony.

3. West contends the trial court erred in allowing the state to introduce into evidence the certified copy of West's notice that he was a habitual violator because, according to West, the state did not prove that it was sent to West's last known address. We find no error. The admission of evidence lies within the sound discretion of the trial court and will not be disturbed absent an abuse of that discretion.[9]

OCGA § 40-5-58 (b) provides that when a person becomes a habitual violator, notice shall be given by certified mail, with return receipt requested. "For the purposes of [the Code Section], notice given by certified mail or statutory overnight delivery with return receipt requested mailed to the person's last known address shall be prima-facie evidence that such person received the required no-

---

[4] See *Prather v. State*, 275 Ga. 268, 271 (3) (564 SE2d 447) (2002).

[5] *Caldwell v. State*, 230 Ga. App. 46, 49 (495 SE2d 308) (1997).

[6] See generally *Trotter v. State*, 256 Ga. App. 330, 333 (2) (568 SE2d 571) (2002); *Smith v. State*, 250 Ga. App. 583, 587 (2) (552 SE2d 528) (2001).

[7] See *City of Dalton v. Smith*, 210 Ga. App. 858, 859 (1) (437 SE2d 827) (1993).

[8] *Matthews v. State*, 268 Ga. 798, 803 (4) (493 SE2d 136) (1997) (a defendant must show harm as well as error for reversal).

[9] See *Verlangieri v. State*, 273 Ga. App. 585, 588 (1) (c) (615 SE2d 633) (2005).

tice."[10] Since the state provided evidence that notice was sent to West at his last known address and the return receipt clearly had West's printed name and signature under the "received by" section of the return receipt, and since West failed to rebut this evidence, the jury was authorized to conclude that the Department of Public Safety complied with the statutory requirements.[11] The trial court did not abuse its discretion in allowing the state to introduce this evidence.

*Judgment affirmed. Ellington and Mikell, JJ., concur.*

DECIDED OCTOBER 23, 2009.

*Lisa M. Palmer, Timothy L. Eidson, Steven W. Czarnota*, for appellant.

*Denise D. Fachini, District Attorney*, for appellee.

---

[10] OCGA § 40-5-58 (b).
[11] See *King v. State*, 179 Ga. App. 184, 184-185 (345 SE2d 902) (1986).