## A11A0850. KNIGHT v. THE STATE.

(715 SE2d 771)

ELLINGTON, Chief Judge.

A Tattnall County jury found William Knight guilty beyond a reasonable doubt of child molestation, OCGA § 16-6-4 (a). He appeals from the denial of his motion for new trial, contending that the evidence was insufficient to support his conviction, that the prosecutor's argument to the jury was improper, and that the prosecutor "tainted" the court's sentence by attempting to introduce evidence of his prior convictions. For the following reasons, we affirm.

1. Knight argues that the evidence presented was insufficient to support his conviction because, according to him, the testimony of the 13-year-old victim was incredible and "not worthy of belief."

When a criminal defendant challenges the sufficiency of the evidence supporting his or her conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Citation omitted; emphasis in original.) *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979). Viewed in this light, the trial transcript shows that, in January 2007, the victim went to her grandfather's house after school with her cousin. As she went upstairs, she saw her aunt's boyfriend, Knight, as he was walking out of the bathroom. Knight had a towel partially wrapped around him, and he followed the victim into the living room. Knight put his leg on a chair and started grabbing the victim's buttocks. The victim repeatedly told him to stop, but he did not. Knight then told the victim to go into the bathroom with him and, when she refused, he pulled her inside, closed the door, and kissed her on the lips and her neck. The victim pushed Knight away and got out of the bathroom. Knight told her to come back and then removed his towel, showing her his "private part."

In support of his insufficient evidence argument, Knight notes that there were no other witnesses to the molestation and that the victim did not tell her parents about the molestation, but instead, told a friend at school the next day.[1] He also points to evidence that, in his opinion, shows the victim had a motive to lie and demonstrates that the victim's testimony was "more than a little suspect." While characterizing this case as presenting a "classic he-said[,] she said" scenario, he argues that the jury was not authorized to accept the victim's testimony over evidence showing that she may have been

---

[1] The friend gave the note to a teacher, who in turn gave it to a school counselor, who testified at trial.

lying. Thus, his insufficiency argument is based entirely on his assertion that, because he and the victim were the only people present during the alleged molestation, and because the victim lacked credibility, the evidence was insufficient as a matter of law.

It is axiomatic, however, that it is the function of the jury, not this Court, to judge the credibility of witnesses, resolve conflicts in the testimony, weigh the evidence, and draw reasonable inferences from the evidence. *Jackson v. Virginia*, 443 U. S. at 319 (III) (B). In so doing, "[a] jury is authorized to believe or disbelieve all or any part of the testimony of witnesses[.]" (Citation and punctuation omitted.) *Bray v. State*, 294 Ga. App. 562, 563 (1) (669 SE2d 509) (2008). Ultimately, "[a]s long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld." (Citation and punctuation omitted.) *Miller v. State*, 273 Ga. 831, 832 (546 SE2d 524) (2001).

Moreover, as Knight acknowledges, the victim's testimony alone is generally sufficient to establish the elements of child molestation. *Hammontree v. State*, 283 Ga. App. 736, 737 (1) (642 SE2d 412) (2007); see OCGA § 24-4-8 ("The testimony of a single witness is generally sufficient to establish a fact."). Consequently, his challenge to the sufficiency of the evidence, based solely upon his argument that the victim's testimony was unbelievable, must fail.

2. Knight contends that the prosecutor made improper closing arguments to the jury, including statements that mischaracterized the evidence presented. The trial transcript shows, however, that Knight failed to raise a single objection during the prosecutor's closing argument, nor did he raise this issue in his motion for new trial.

"Issues and objections not raised in the trial court and ruled on by the trial court are deemed waived and cannot be raised for the first time on appeal." (Footnote omitted.) *West v. State*, 300 Ga. App. 583, 585 (2) (685 SE2d 486) (2009). See *Williams v. State*, 277 Ga. App. 106, 108 (2) (625 SE2d 509) (2005) ("We are a court for the correction of errors of law committed by the trial court where proper exception is taken, and we will not consider issues and grounds for objection, even of a constitutional magnitude, which were not raised and determined in the trial court.") (footnote omitted). Accordingly, this alleged error presents nothing for review.

3. Knight contends that the State "tainted" the trial court's sentence by attempting to introduce evidence of his four prior felony drug convictions during sentencing without providing proper notice of its intent to introduce such evidence. He also claims that the prosecutor's argument during sentencing was improper.

Pretermitting whether Knight met his burden for demonstrat-

ing error or even preserved these alleged errors for review,[2] the trial court's sentence of fourteen years imprisonment, with six to serve, was well within the statutory limits for a child molestation conviction. See OCGA § 16-6-4 (b) (1) (authorizes a sentence for a first conviction of child molestation of between five and twenty years imprisonment). "We will not review for legal error any sentence which is within the statutory limits." (Citations and punctuation omitted.) *Brown v. State*, 242 Ga. App. 347, 349-350 (3) (529 SE2d 650) (2000).

*Judgment affirmed. Miller, P. J., and Doyle, J., concur.*

### DECIDED AUGUST 4, 2011.

*Maurice V. Joseph, Craig T. Pearson*, for appellant.

*Tom Durden, District Attorney, Melissa L. Poole, Assistant District Attorney*, for appellee.

---

[2] "It is well-established that there is a presumption that [a] sentence was correctly imposed, and the burden of showing that a sentence was not correctly imposed is with the party who asserts its impropriety." (Citations and punctuation omitted.) *State v. Freeman*, 198 Ga. App. 553, 557 (3) (402 SE2d 529) (1991). In this case, the trial court sustained Knight's objection to the introduction of certified copies of the prior convictions. Knight's argument on appeal that his sentence was improper simply because the trial court was "exposed" to the fact of his prior felony convictions is pure conjecture. Further, Knight failed to object during the prosecutor's argument and, therefore, waived his opportunity to challenge the alleged improprieties in the argument on appeal. See Division 2, supra.