A11A2002. THE STATE v. McCARTER.

(724 SE2d 843)

PHIPPS, Presiding Judge.

The state appeals the trial court's order dismissing with prejudice the charges against James McCarter a/k/a Joey Carter.[1] The state argues that the trial court erroneously dismissed the charges because the Interstate Agreement on Detainers (the "IAD")[2] afforded the state 180 days to try McCarter following his complete satisfaction of the IAD's notification procedures, and that this time period had not expired when the trial court entered its dismissal order. We agree and reverse.

"When questions of law are at issue, as here, we owe no deference to the trial court's ruling[ ] and apply the 'plain legal error' standard of review."[3] The facts are not in dispute. McCarter was

---

[1] Under OCGA § 5-7-1 (a) (1), the state may appeal from orders or judgments setting aside or dismissing accusations or indictments. See *State v. Henderson*, 283 Ga. App. 111 (1) (640 SE2d 686) (2006).

[2] OCGA § 42-6-20.

[3] *State v. Brooks*, 301 Ga. App. 355 (687 SE2d 631) (2009) (citation and punctuation omitted).

indicted in Fulton County on August 11, 2006, for the crimes of aggravated assault, aggravated battery, possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon. On August 13, 2010, McCarter, then in federal custody in Florida, filed in the Superior Court of Fulton County a demand for speedy resolution of the pending charges pursuant to the IAD. On September 9, 2010, the Fulton County district attorney asked the federal correctional institute to place a detainer on McCarter. On October 19, 2010, the district attorney and the superior court clerk received, by certified mail, return receipt requested, written notification from McCarter's custodian in Florida that McCarter was requesting under the IAD disposition of the pending Georgia charges, together with an inmate status certification. The sheriff produced McCarter in Fulton County on March 8, 2011. Noting McCarter's August 13, 2010 filing with the clerk of the superior court, the trial court entered an order on April 12, 2011, dismissing the charges against McCarter because of the district attorney's "fail[ure] to prosecute the defendant within 180 days."

The IAD contemplates that if a person is imprisoned in a penal or correctional institution of a party state, and there is pending an untried indictment against him in another party state for which a detainer has been lodged,

> he shall be brought to trial within one hundred eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint, provided that for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance.[4]

Further,

> [t]he request of the prisoner shall be accompanied by the certificate of the appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner,

---

[4] OCGA § 42-6-20 (Article III (a)).

and any decisions of the state parole agency relating to the prisoner.[5]

In addition,

> [t]he written notice and request for final disposition . . . shall be given or sent by the prisoner to the warden, commissioner of corrections or other official having custody of him, who shall promptly forward it together with the certificate to the appropriate prosecuting official and court by registered or certified mail or statutory overnight delivery, return receipt requested.[6]

The import of these provisions is that "the right of a prisoner to be tried within 180 days accrues only after the precise operational procedures set forth in the IAD are completely satisfied."[7] In this case, those procedures were satisfied on October 19, 2010, upon receipt by the court and the district attorney of the notification and certificate properly forwarded by McCarter's custodian, and not upon the August 13, 2010 filing of McCarter's demand.[8] Thus, the 180-day period during which McCarter was required to be brought to trial expired on April 17, 2011.

Notwithstanding the foregoing, the trial court, on April 12, 2011, dismissed the charges against McCarter for failure of the state to prosecute him "within 180 days." Since the 180-day period set out in the IAD had not yet expired, the trial court erred in dismissing the indictment.

McCarter agrees that the dismissal was premature. He argues that since the state does not present a record showing otherwise, it can be presumed that the state waived the defect of a premature dismissal by failing to object thereto.[9] The state responds that the trial court's order was entered without notice or a hearing and that it had no opportunity to raise the objection in advance of the issuance of the trial court's order. The record is consistent with the state's position, and so we have no basis for finding waiver.[10]

---

[5] Id.

[6] Id. (Article III (b)).

[7] *Clater v. State*, 266 Ga. 511, 512 (3) (467 SE2d 537) (1996) (footnote omitted).

[8] See *Thompson v. State*, 186 Ga. App. 379, 381 (367 SE2d 247) (1988) (appellant's actions in mailing the request directly to the prosecutor and the clerk of court did not comply with the IAD).

[9] "Issues and objections not raised in the trial court and ruled on by the trial court are deemed waived and cannot be raised for the first time on appeal." *West v. State*, 300 Ga. App. 583, 585 (2) (685 SE2d 486) (2009) (footnote omitted).

[10] See, e.g., *In the Interest of D. P.*, 284 Ga. App. 453, 456 (644 SE2d 299) (2007) (declining

Similarly, we reject McCarter's claim that the judgment should be affirmed under the principle of "right for any reason."[11] McCarter argues that the 180-day period contemplated by the IAD was reached five days after the trial court entered its order, and so the trial court's ruling was eventually validated. He provides no authority to support this proposition. Setting aside the broader question of whether an erroneous order can ripen into correctness for purposes of the right for any reason rule, as McCarter suggests, we note that the IAD's 180-day period is tolled "whenever and for as long as the prisoner is unable to stand trial, as determined by the court having jurisdiction of the matter."[12] Since the state could not bring McCarter to trial while the indictment against him stood dismissed, we conclude that the 180-day period contemplated by Article III of the IAD did not continue to run, and that the trial court's order was never correct.[13]

*Judgment reversed. Andrews and McFadden, JJ., concur.*

DECIDED MARCH 2, 2012.

*Paul L. Howard, Jr., District Attorney, Paige Reese Whitaker, Assistant District Attorney*, for appellant.

*Jason H. Ingraham, Kenneth D. Kondritzer, Lauren B. Shubow*, for appellee.

---

to presume waiver from a silent record).

[11] See generally *Mathis v. State*, 279 Ga. 100, 102 (3) (a) (610 SE2d 62) (2005) (appellate courts "will affirm a trial court's ruling if it is right for any reason").

[12] OCGA § 42-6-20 (Article VI (a)).

[13] We acknowledge, but do not address, the parties' arguments regarding whether, upon remittitur, the trial court should grant a continuance for trial beyond the remainder of the 180-day period. See OCGA § 42-6-20 (Article III (a)) ("for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance"). As a general rule, "[t]his court is for the correction of errors, and where the trial court has not ruled on an issue, we will not address it." *Pyle v. City of Cedartown*, 240 Ga. App. 445, 448 (3) (524 SE2d 7) (1999).